## EX PARTE PERRY.

This court will not by *mandamus* compel an inferior court to reverse a decision made in the exercise of its jurisdiction.

PETITION for *mandamus*.

The petitioners filed their libel against the ship " Civilta " and the steam-tug " Restless," in the District Court of the United States for the Southern District of New York. The vessels were seized under process sued out of that court, but were released on the claimant of each giving the requisite stipulation for value.

From a decree against the claimants they respectively prayed and perfected an appeal to the Circuit Court. A decree was there rendered, Oct. 26, 1877, in favor of the libellants, amounting in damages, interest, and costs to the sum of $11,400.90, which was apportioned equally between the two vessels. The decree provided that on the payment by the claimant of either vessel of one-half of the amount, with interest thereon to the date of payment, the proceedings against such vessel and her claimant be stayed for the collection of the residue until the return by the marshal of an execution unsatisfied against the claimant of the other vessel for the other half part of said amount, or until it should otherwise appear that the libellants were unable to enforce or collect the other part of said damages costs, and interest against the claimant of the other vessel by process from that court.

The court further adjudged that unless the decree be fulfilled or satisfied, or proceedings stayed on appeal by filing security within ten days after service of a copy of the decree upon the proctor for the claimants, the stipulators, on the appeal to that court for damages and costs, should perform their engagements, or show cause within four days after the expiration of said ten days, or on the first day of jurisdiction thereafter, why execution should not issue against them, their goods, chattels, and lands.

Notice of an appeal to this court was given. The claimant of the "Civilta" alone perfected his appeal within the required time, and rendered it a *supersedeas*.

A summary judgment for $17,323.22 was rendered by the Circuit Court, March 15, 1878, in favor of the libellants against John G. Eaker, William B. Hatch, and Edward P. Hatch, stipulators on the appeal to that court, Baker being the claimant of the "Restless." A transcript of this judgment was filed in the office of the county clerk of Kings County, New York.

Edward P. Hatch was the owner of certain real estate in Brooklyn, which he had contracted to sell, but, by reason of the summary judgment, the vendee declined to complete the purchase. The Circuit Court, Jan. 4, 1879, ordered, on notice to all the parties, that on his depositing the sum of $6,200, the

price of said real estate, in the United States Trust Company simultaneously with the delivery to him of the deed, the lien of the judgment on said real estate should be vacated, and that, if the judgment should be set aside, the Trust Company should pay to said Hatch such sum so deposited, with its accumulations, — "if not, the deposit, with its accumulations, to be held subject to the further order of the court."

The deposit was made. The court, Jan. 3, 1879, denied a motion to set aside the judgment. An execution was sued out thereon May 7, 1879. The court, June 16, refused to direct that the amount so deposited be applied upon the execution, and made the further order, "that said sum of six thousand two hundred dollars ($6,200) remain in the United States Trust Company, provided the sureties, William B. Hatch and Edward P. Hatch, as principals, will give a bond to the libellants, with a satisfactory surety, in the penalty of five thousand dollars ($5,000), conditioned that if, by the decision of the Supreme Court of the United States, the 'Restless' and her sureties shall be held liable for the amount decreed against them, by this court, to wit, five thousand seven hundred dollars and forty-five cents ($5,700.45), and interest thereon, then in such case John G. Baker, the claimant of the 'Restless,' and said sureties, shall pay into the registry of this court such an amount as will cover the difference between interest upon said six thousand two hundred dollars ($6,200), at the legal rate, and the sum which shall have been earned by the said sum of six thousand two hundred dollars ($6,200) in the United States Trust Company.

"And the said William B. Hatch and Edward P. Hatch having now presented such a bond to this court, and the surety named in said bond being satisfactory to, and said bond having in all things been approved by, this court," the court further ordered "that all proceedings on the part of said libellants and of the marshal of this court, under the execution herein issued to said marshal on the seventh day of May, 1879, to collect out of the property of the said William B. Hatch or Edward P. Hatch the amount of the decree against the tug 'Restless' now presently due, to wit, five thousand seven hundred dollars and forty-five cents ($5,700.45), and interest, be and the same

are hereby stayed, with leave to said libellants to move this court, on notice, for leave to proceed under said execution."

June 27, the court denied the motion of the libellants for leave to proceed under the execution.

The petitioners pray this court for a rule upon the circuit judge to show cause why a writ of *mandamus* should not be issued, commanding him to vacate and set aside the order granting a stay of proceedings under the execution, and direct the payment of the money deposited in the United States Trust Company to the marshal of the United States, under said execution as aforesaid, or why they should not have such other or further order, writ, or relief as may be just.

*Mr. Robert D. Benedict* for the petitioners.
*Mr. John E. Parsons, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We cannot by *mandamus* correct the judicial errors committed by an inferior court in the progress of a cause. *Ex parte Schwab*, 98 U. S. 240. We can in this way, in a proper case, compel an inferior court to act, but cannot control its decisions while acting. In the present case it appears that the Circuit Court has acted on the motion of the petitioner, and denied him what he asked. The object of this proceeding is to obtain from us an order requiring that court to reverse its former decision and grant the relief it has once refused. That is the office of a writ of error or an appeal, and not of a writ of *mandamus*. *Ex parte Flippin*, 94 U. S. 248; *Ex parte Loring*, id. 418. Neither is the case changed because the appropriate remedy may involve an inconvenient delay. In *Ex parte Whitney* (13 Pet. 404), it was held that a writ of *mandamus* ought not to be used to correct orders made by a judge in the exercise of his authority, even though such orders "may seem to bear harshly or oppressively upon the party" complaining.

*Mandamus refused.*