Ex parte MASON.

(Circuit Court of Appeals, Eighth Circuit.   July 2, 1917.)

No. 191.

MANDAMUS ⊚⇒46—REVIEW OF JUDICIAL ACTS.

Where a motion to transfer the case to the equity side of the court was granted, the court holding that the extensive accounting required brought the suit within jurisdiction of equity, mandamus to direct the judge to grant a jury trial will be denied.   The writ issues to compel the performance of a plain duty.   Where that duty is the exercise of judgment or discretion by an officer in the decision of a question of law or fact, or both, it may issue to compel a decision; but it may not command in what particular way that decision shall be rendered, or by what rules it shall be reached.   When a question within his jurisdiction has been decided by the officer or person to whose judgment or discretion the law has intrusted its determination, the writ of mandamus may not issue to review or reverse that decision, or to compel another.

Petition for writ of mandamus by Edward R. Mason.   Petition dismissed.

Edward R. Mason, of Des Moines, Iowa, pro se.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

SANBORN, Circuit Judge.   Mr. Edward R. Mason has presented to this court his petition for a writ of mandamus to direct Hon. Martin J. Wade, judge of the United States District Court for the Southern District of Iowa, to grant to him and his codefendants a trial by jury of the issues presented in an action which the United States has brought against him and his codefendants for damages for alleged breaches of his official bond as clerk of the United States Circuit Court for the Southern District of Iowa.   His codefendants are the living sureties upon that bond and the executors of the estate and the owner of a large part of the estate of a deceased surety.   These codefendants will henceforth be called the sureties.

Mr. Mason makes a motion for leave to file his petition and for a rule on Judge Wade to order the trial of the action on the bond by a jury, or that he show cause why he should not do so.   The petition and the exhibits attached thereto and made a part thereof disclose these facts: In November, 1910, the United States brought an action at law against Mason and his sureties on his official bond as clerk for divers sums of money aggregating more than $10,000, which the United States alleged he had collected as clerk and had failed to pay over to litigants, attorneys, marshals, stenographers, witnesses, masters, and examiners, to whom these sums were due and to whom it alleged it was Mason's duty as clerk to pay them.   In April, 1915, an amended and substituted petition was filed by the United States, a copy of which is one of the exhibits to the petition of Mr. Mason.   This amended petition sets forth, among other things, more than 450 specific amounts varying from $1,265.75 to $.45, and aggregating $10,924.87, which the United States alleges Mr. Mason and his sureties are liable to pay under the bond.   After this amended petition was filed the United States made a motion before Judge Wade to transfer the action to the equity side of the court

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and to place it on the equity docket. This motion was argued by counsel, Judge Wade considered the issue it presented, prepared and filed a written memorandum in which he cited the Act of March 3, 1915, c. 90, 38 Stat. 956 (Comp. St. 1916, §§ 1251a–1251c), United States v. Harsha (C. C.) 188 Fed. 759, Kirby v. Lake Shore, etc., Railroad, 120 U. S. 130, 134, 7 Sup. Ct. 430, 30 L. Ed. 569, and McMullen Lumber Co. v. Strother, 136 Fed. 295, 302, 303, 304, 69 C. C. A. 433, and held that the extensive accounting which the petition of the United States demonstrated must be taken in order to reach a just judgment or decree in the suit upon the bond brought that suit within the equitable jurisdiction of the court, and convinced him that the plaintiff's remedy at law was not as complete or adequate as its remedy in equity. Thereupon he granted the motion and gave the parties permission to amend their pleadings to conform them to the practice in equity.

This review of the proceedings in the District Court discloses the fact that the relief which Mr. Mason seeks by his petition for a writ of mandamus is in reality a command from this court to Judge Wade to reverse his decision and order and to try the issues in the case between the United States and Mason with a jury as an action at law. He invokes article 7 of the amendments to the Constitution and section 566 of the Revised Statutes (3 Comp. St. 1916 Ann., p. 3140, § 1583), and insists that under them he is entitled to a trial by jury of the issues presented regarding the breaches of the bond. But that question, the question whether or not he is entitled to a jury trial at law of those issues, is the judicial question which Judge Wade was compelled to consider and decide, and which he did consider and decide when he granted the motion to transfer the case to the equity side of the court. If he was in error in his conclusion or action, that error may be corrected by an appeal from a final decree. But a consideration of the function of the writ of mandamus and an examination of the authorities upon this subject leave no doubt that the established rules for its use are these:

The writ issues to compel the performance of a plain duty. Where that duty is the exercise of judgment or discretion by an officer in the decision of a question of law or fact, or both, it may issue to compel a decison, but it may not command in what particular way that decision shall be rendered, or by what rules it shall be reached. When a question within his jurisdiction has been decided by the officer or person to whose judgment or discretion the law has intrusted its determination, the writ of mandamus may not issue to review or reverse that decison, or to compel another. Ex parte Whitney, 13 Pet. 404, 406, 408, 10 L. Ed. 221; Kimberlin v. Commission to Five Civilized Tribes, 104 Fed. 653, 654, 44 C. C. A. 109, 110; United States v. Judges of United States Court of Appeals, 85 Fed. 177, 180, 29 C. C. A. 78, 81; Minnesota Moline Plow Co. v. Dowagiac Mfg. Co., 126 Fed. 746, 747, 748, 61 C. C. A. 352, 353, 354; Barber Asphalt Paving Co. v. Morris, 132 Fed. 945, 956, 66 C. C. A. 55, 66, 67 L. R. A. 761. Under these rules the facts stated in the petition of Mr. Mason forbid the issue of the writ of mandamus by this court.

Let the petition be filed, therefore, and let it be dismissed.