## LEONARD SWANSON v. MARSHALL H. ALWORTH AND ANOTHER.[1]

April 17, 1924.

No. 24,024.

**When writ of mandamus cannot be used to review order of trial court.**
Inasmuch as the writ of mandamus is designed, among other things, to compel the exercise of a judicial function, but not to control the manner of its exercise, it cannot be resorted to for the purpose of reviewing an order of the district court, determining the manner of trial of a civil action. If a jury trial is denied, where a litigant is entitled to it and asserts his right, the error can be reviewed only on appeal.

Upon the relation of Leonard Swanson the supreme court granted its writ of mandamus directed to the district court for St. Louis county and Honorable H. A. Dancer, judge thereof, to compel that court to grant a jury trial to plaintiff in the above entitled action. Writ quashed.

*Lewis & Hunt*, for plaintiff.

*Washburn, Bailey & Mitchell*, for defendants.

STONE, J.

Original proceeding in mandamus whereby it is sought to have the district court of St. Louis county peremptorily ordered to grant plaintiff a jury trial.

The complaint states either a cause of action at law for damages for breach of contract, or in equity for an accounting for the profits of an executed contract in the nature of a joint enterprise. The former is plaintiff's view. If it is correct, there should be a jury trial. The latter, the defendants' construction, was adopted below. It resulted in an order setting the case for trial without a jury. It is now sought to review and reverse that action by this proceeding.

[1] Reported in 198 N. W. 453.

That sort of thing cannot be done under the law as it stands concerning the function of the writ of mandamus. Appellate courts exist for the purpose not of supervising and directing but of reviewing and correcting the work of trial courts.

Therefore, while the writ of mandamus is used to compel judicial action, it should refrain always from any attempt to direct the manner of such action. It is designed to compel the performance of duty. But, where the officer or tribunal subjected to the writ has any judgment or discretion with respect to the manner of performing a duty, the tribunal from which the writ issues does not attempt to control the exercise of that judgment or discretion.

As was stated by Mr. Justice Mitchell in State v. Teal, 72 Minn. 37, 74 N. W. 1024:

"Where the duty is judicial and not purely ministerial, mandamus will lie to compel the exercise of official discretion or judgment, but not to direct as to the manner in which the duty shall be performed. In such cases, the function of the writ is merely to set in motion."

The decisions here have been uniform to that effect. State v. Anding, 132 Minn. 36, 155 N. W. 1048; State v. Wunderlich, 144 Minn. 368, 175 N. W. 677. As was said in the last case, mandamus is used properly "only to compel the performance of a duty which the law clearly and positively requires." Here the duty below was to exercise judgment. That has been done. The duty has been performed. There remains then nothing which mandamus can compel. If the duty has been performed erroneously there is the usual and adequate remedy of appeal.

Our statute, section 8266, G. S. 1913, is to the same effect:

"It (the writ of mandamus) may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

In Ex Parte Mason, 244 Fed. 154, 156 C. C. A. 582, where there was presented about the same situation that now confronts us, the circuit court of appeals refused to issue a writ of mandamus directing the district court to grant a jury trial, and said, inter alia:

"A. consideration of the function of, the writ of mandamus and an examination of the authorities upon this subject leave no doubt that the established rules for its use are these; The writ issues to compel the performance of a plain duty. Where that duty is the exercise of judgment or discretion by an officer in the decision of a question of law or fact, or both, it may issue to compel a decision, but it may not command in what particular way that decision shall be rendered, or by what rules it shall be reached. When a question within his jurisdiction has been decided by the officer or person to whose judgment or discretion the law has intrusted its determination, the writ of mandamus may not issue to review or reverse that decision or to compel another."

It follows that the writ must be discharged. No other result could be reached without a violation of rules of practice and of law long in vogue and uniformly followed.

The interlocutory orders of trial courts cannot be reversed by mandamus. "Mandamus is not available as a remedy in review." Mingo v. Holleran, 153 Minn. 521, 191 N. W. 416. Were it otherwise, every calendar call of the district court might be a very prolific added source of appeals. The increased loading of litigation with expense and delay would be intolerable.

A case may be disposed of by settlement or trial without a jury. In the latter event, the result may be more satisfactory to the litigant entitled to the jury trial than the one hoped for from that method. Or it may have developed that, after all, there was nothing for a jury to pass upon. That is something to be determined in the first instance from the pleadings, but pleadings have been known to be deceptive even to the authors.

With us appeals are regulated by statute, chapter 80, G. S. 1913. It is significant that the first section of that chapter, (section 7993), is this: "A judgment or order in a civil action in a. district court may be removed to the supreme court by appeal, as provided in this chapter and *not otherwise.*" Then, in section 8001, the orders from which appeals are permitted are enumerated. Orders determining the method of trial are omitted and the omission, under familiar

rules of statutory construction, is equivalent to a legislative declaration that such an order is not appealable.

It would be a frustration of the statute to substitute mandamus for the appeal thus denied. If here, or in any similar case, a jury trial is denied where the party seeking it is entitled to it under the Constitution, the error can be corrected by review on appeal.

It is entirely possible that other constitutional rights may be denied temporarily during the trial of an action. In that event it is to be presumed that the error will be corrected and the constitutional right preserved and protected by appropriate review. That is the purpose of appellate procedure. If it were otherwise, and if, as to every legal right, a litigant could stay proceedings in a trial court pending his review, by prohibition, mandamus or certiorari, of the temporary denial of his right, litigation, as already suggested, would be intolerably loaded down with appeals and writs of review calculated not so much to hasten as to delay the administration of justice. So, to adopt here the view that mandamus is an appropriate remedy to review preliminary matters of the kind now under consideration, would be a reversal of the settled modern policy to simplify, expedite and render less expensive the conduct of litigation.

Jurisdiction is the power to decide, and necessarily it confers the power to decide wrongly. It is the power so to decide "every issue of law and fact conditioning * * * ultimate adjudication." U. S. v. Brown, 281 Fed. 657. Here, the issue as to the method of trial is preliminary. It has been decided below. If the decision be erroneous, it can be corrected on appeal. True, that course may lead in some cases to second trials which could be avoided by an earlier review of orders deciding the method of trial. But long experience has shown that necessary evil to be much less than those that follow from undue allowance of appeals.

Counsel for plaintiff, in support of their application for mandamus, cite only State ex rel. Prall v. District Court, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198.

There the district court simply refused to have anything to do with Prall's case and he sued out a writ of mandamus to compel it to proceed with the trial. He did not seek to control the manner of

trial. Of course, a peremptory writ issued because, as the opinion concludes, "there was no discretion in the district court to decline the exercise of jurisdiction." Earlier in the opinion, Mr. Justice Dibell stated the time honored functions of mandamus as follows:

"It is not needed if there is an adequate remedy in the ordinary course of law. Its purpose is not to correct errors and it is not the substitute for an appeal. It will compel judicial action and the exercise of jurisdiction. It will not direct the manner of its exercise or control judicial discretion."

The statement that mandamus "lies to compel the court to grant a jury trial" was used, obiter, in discussing the authorities and with respect solely to State v. Hart, 26 Utah, 229, 72 Pac. 938. That case does so hold but without reference to, to say nothing of discussion of, the proper and limited functions of mandamus. We cannot adopt its doctrine.

It has not been suggested by counsel, but the fact is, that the result here is somewhat out of line with our well established pratice of permitting the use of mandamus to review orders concerning venue. See Winegar v. Martin, 148 Minn. 489, 182 N. W. 513; State ex rel. v. District Court, 150 Minn. 493, 185 N. W. 1023; and State ex rel. Security State Bank v. District Court, 150 Minn. 498, 185 N. W. 1019.

That the practice, resorted to so frequently and over so long a period without any serious attack on its propriety as to become well settled, is a distinct "perversion of the original scope" of the writ of mandamus, was frankly recognized in State ex rel. Security Bank v. District Court, supra.

A question of venue presents frequently a case of a trial court's refusing to act at all. It may decline jurisdiction where jurisdiction is expressly imposed upon it by statute. In such a case it may well be said that mandamus is used only to compel and not to control judicial action. Thus, in State v. District Court of Meeker County, 77 Minn. 302, 79 N. W. 960, the writ was issued to compel the transfer of the files in the case to the county to which the venue had already been changed. The venue having been changed

as provided by statute, the transfer of the files became a mere ministerial act in which there was no discretion, judicial or otherwise.

Under the cases cited, the practice of reviewing by mandamus orders concerning venue has become too well established to be departed from now. But it is the opinion of the court that a practice which so encourages preliminary appeals, which otherwise may prove unnecessary, and some of which may be resorted to solely for delay, has been extended far enough, and that it should remain as it is now and be permitted only with respect to questions concerning venue.

Writ quashed.