## NEW YORK LIFE INS. CO. v. FARIS, District Judge.

Circuit Court of Appeals, Eighth Circuit.
January 10, 1929.

No. 354.

Frank H. Sullivan, of St. Louis, Mo. (James C. Jones, Lon O. Hocker, Eugene H. Angert, and James C. Jones, Jr., all of St. Louis, Mo., on the brief), for petitioner.

Fred L. English, of St. Louis, Mo. (Morton Jourdan, of St. Louis, Mo., on the brief), for respondent.

Before KENYON, Circuit Judge, and JOHNSON and McDERMOTT, District Judges.

PER CURIAM. The petitioner asks of this court that it issue a writ of mandamus addressed to Hon. C. B. Faris, Judge of the District Court of the United States for the Eastern District of Missouri, directing him that in Case No. 6369, lately pending in said court in the Eastern Division of said District, wherein John L. Graves, administrator of the estate of Ellen M. Rees, is plaintiff, and petitioner, New York Life Insurance Company, is defendant, he set aside an order entered by him in said court December 5, 1928, allowing a nonsuit to the plaintiff in said cause; that he recall the jury impaneled and sworn in said cause, and direct from them a verdict and enter judgment on the verdict so directed. The record discloses that, after motions had been made in the trial court by both parties for directed verdicts, and while the trial court was summing up the matter preparatory to instructing the jury, and after he had indicated how he intended to instruct the jury, plaintiff asked leave to take a nonsuit. The order of Judge Faris, respondent, was in part as follows:

"It is therefore, pursuant to the motion and request of plaintiff, as aforesaid, Ordered that the submission of this cause be vacated and that the jury heretofore empaneled and sworn herein, be discharged from further consideration of the issues as joined in this cause, and that this cause be, and the same is hereby, dismissed at the costs of plaintiff."

To the petition for writ of mandamus Judge Faris makes response by which it appears that respondent claims in part that it was in the discretion of respondent to allow the plaintiff to dismiss and take said nonsuit, and that his action in setting aside the submission and permitting the nonsuit was within his discretion as a District Judge.

In view of this response, we are satisfied that mandamus will not lie and that the petition should be dismissed. Ex parte Mason (C. C. A.) 244 F. 154.

It is so ordered.