## STATE EX REL. LOLA O. GRESHAM v. EDWARD K. DELANEY.[1]

May 29, 1942.

No. 33,160.

*R. F. Schroeder,* for appellant.
*Edward K. Delaney, pro se.*

PER CURIAM.

Denied a jury trial by respondent, a justice of the peace, appellant brought *mandamus* to compel its allowance, asserting that

[1]Reported in 4 N. W. (2d) 348.

all statutory precedents to a jury trial had been fulfilled. Upon the return day, the trial judge granted respondent's motion for judgment on the pleadings, denied a similar motion of appellant, and dismissed the alternative writ. The basis was that respondent's decision, being a judicial judgment, could not be questioned in a *mandamus* proceeding, but was open to attack only by appeal to the municipal court, where the alleged error could be reviewed. A motion to vacate this order was denied in a subsequent order, which also contained a clause quashing and dismissing the alternative writ.

The appeal must be dismissed. The first order made in this proceeding granted respondent's and denied appellant's motion for judgment on the pleadings and dismissed the alternative writ of *mandamus*. Such order is not appealable. State ex rel. Quale v. Penney, 144 Minn. 463, 174 N. W. 611. Ordinarily, an order denying a motion to vacate a nonappealable order does not acquire an appealable status. Brown v. Minnesota Thresher Mfg. Co. 44 Minn. 322, 46 N. W. 560; see Security State Bank v. Brecht, 150 Minn. 502, 504, 185 N. W. 1021. An order refusing to vacate an order granting judgment on the pleadings is within the general rule. Lockwood v. Bock, 46 Minn. 73, 48 N. W. 458.

Appeal dismissed.