STATE EX REL. LOLA O. GRESHAM v. EDWARD K. DELANEY.[1]

November 6, 1942.

No. 33,313.

[1]Reported in 6 N. W. (2d) 97.

*R. F. Schroeder,* for appellant.
*Edward K. Delaney, pro se.*

PETERSON, JUSTICE.

See State ex rel. Gresham v. Delaney, 212 Minn. 519, 4 N. W. (2d) 348.

In a civil action pending before respondent, a justice of the peace of the city of St. Paul, relator was defendant. She demanded a trial by jury and paid the statutory fee therefor of $12 for one day's attendance of a jury. Respondent refused to issue a venire to the proper officer to summon a jury unless relator also advanced the costs and expenses, consisting of justice's and constable's fees, estimated to be $12. Relator refused to deposit the costs and expenses, claiming that the justice had no power to require their payment. Upon refusal of the justice to issue a venire, relator applied to the district court for a writ of *mandamus* to compel the issuance of venire without payment of the justice's and constable's fees, and appeals from a judgment denying the writ.

Here, as below, relator contended that she was entitled to a trial by jury upon payment of the fees for one day's attendance of the jury. Respondent contended that, while Minn. St. 1941, §§ 531.33 to 531.35 (Mason St. 1927, §§ 9034-9036), relating to the issuance of a venire and summoning a jury in justice court, provides for payment of the fees for one day's attendance of a jury with no mention of the fees of the justice or the sheriff or constable for their services in connection with such matter, he was entitled to receive an additional amount to cover the fees which a justice and a sheriff or constable are entitled to receive for summoning a jury under *Id.* §§ 357.09, 357.14 (§§ 6993, 6998), for nonpayment of which he had the right to proceed to try the case without a jury, and, further, that relator's remedy for error, if any, in so deciding that question, was by appeal and not by *mandamus.*

Decision below was predicated upon the sole ground that relator's exclusive remedy was by appeal and not by *mandamus*.

*Mandamus* will issue to compel judicial officers in the same manner and to the same extent as other public officers to perform duties with respect to which they plainly have no discretion as to the precise manner of performance and where only one course of action is open. *Mandamus* is not a substitute for, and cannot be used as, an appeal or writ of error. Ordinarily, where a party has an adequate remedy by appeal, a writ of *mandamus* should be denied. The denial of a trial by jury falls within this rule. We had occasion to consider the question at length, reviewing the authorities here and elsewhere, in Swanson v. Alworth, 159 Minn. 193, 198 N. W. 453, where we definitely adopted the rule that where a jury trial is denied to a party who is entitled to it the party has an adequate remedy by appeal and is not entitled to a writ of *mandamus* to compel enforcement of the right. We do not deem it necessary to go over the ground again. The cases of State ex rel. Prall v. District Court, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198, and State ex rel. Minneapolis T. M. Co. v. District Court, 77 Minn. 302, 79 N. W. 960, relied on by relator, were cited and distinguished in the Alworth case. State ex rel. Hanke v. Myers, 70 Minn. 179, 72 N. W. 969, 68 A. S. R. 521, also cited by relator, holds that *mandamus* will lie to compel a justice to issue an execution in favor of the judgment creditor against the judgment debtor. It is not in point here.

Of course, where the duty does not permit the exercise of any discretion with respect to its performance and only one course of action is open and where the aggrieved party does not have an adequate remedy by appeal, as where the duty is to entertain jurisdiction of an action and the court refuses to do so (see Swanson v. Alworth, 159 Minn. 193, 198 N. W. 453, *supra*), or where the duty is to issue a proper process or notice and the court refuses to issue the same, as, for example, the statutory notice of hearing on a petition for the probate of a will (In re Estate of Stenzel, 210 Minn. 509, 299 N. W. 2), the writ will issue; but this

case does not come within the class of cases mentioned, because here relator has an adequate remedy by appeal.

Affirmed.