BENJAMIN K. BROWN *v.* ALLEN R. HAWKINS, JUDGE, FIRST DIVISION, FIRST CIRCUIT COURT, STATE OF HAWAII.

No. 4678.

February 6, 1968.

Richardson, C.J., Mizuha, Marumoto, Abe and Levinson, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

Benjamin K. Brown, widower of Rebecca Hoopale Brown, filed in the Circuit Court of the First Circuit a petition for letters of administration in which he sought his appointment as administrator of the estate of his deceased wife. He claims his right to appointment under R.L.H. 1955, § 317-13. That statute sets forth the order of priority in appointment of administrator and accords first priority to the surviving husband where the estate to be administered is that of the deceased wife. The statute also provides that the judge may disregard the prescribed order of priority for satisfactory cause.

The petition was heard by the Honorable A. R. Hawkins, presiding judge in probate matters. After the hearing, the judge entered an order denying the petition and stating that he would appoint a corporate administrator. In a subsequent minute order, instead of appointing a corporate administrator, the judge appointed Wallace Fujiyama, an individual, as administrator.

Wallace Fujiyama is an attorney, not a relative or creditor of the deceased, and not a person belonging to any class of persons in the order of priority mentioned in § 317-13. In arriving at his decision, the judge had before him the testimony of petitioner concerning his qualification to serve as administrator and the file in Criminal No. 36550 of the First Circuit Court, of which he took judicial notice at the request of petitioner's counsel. The file showed that petitioner was indicted for first degree murder of his wife but was found not guilty by the jury.

Petitioner seeks in this court a writ of mandamus commanding Judge Hawkins to appoint him as administrator. His position is that there was a clear showing of his qualification, that the indictment for murder of his wife followed by a verdict of not guilty is not a disqualification, and that, consequently, the judge had no discretion but to appoint him as administrator and acted arbitrarily in appointing Wallace Fujiyama.

In this case, the jurisdiction to appoint an administrator is vested in the probate judge. In the exercise of that jurisdiction, Judge Hawkins appointed Wallace Fujiyama. If the judge erred, the remedy is by appeal, not mandamus.

In *Ex parte Whitney,* 38 U.S. (13 Pet.) 404 (1839), there was a petition for a writ of mandamus directing the United States Circuit Court for the Eastern District of Louisiana to hold court according to the rules prescribed by the United States Supreme Court instead of following the rules of the Louisiana courts. In denying the writ, the United States Supreme Court, in an opinion delivered by Mr. Justice Story, stated as follows:

> "That it is the duty of the circuit court to proceed in this suit according to the rules prescribed by the supreme court for proceedings in equity causes, * * *, can admit of no doubt. That the proceedings of the district judge, and the orders made by him in the cause, which are complained of, are not in conformity with those rules, and with chancery practice, can admit of as little doubt. But the question before us is not as to the regularity and propriety of those proceedings, but whether the case before us is one in which a *mandamus* ought to issue. And we are of opinion, that it is not such

a case. The district judge is proceeding in the cause, however irregular that proceeding may be deemed; and the appropriate redress, if any, is to be obtained by an appeal, after the final decree shall be had in the cause. A writ of *mandamus* is not the appropriate remedy for any orders which may be made in a cause by a judge, in the exercise of his authority; although they may seem to bear harshly or oppressively upon the party. The remedy in such cases must be sought in some other form."

This court held similarly in *Scott* v. *Stuart*, 22 Haw. 576 (1915). In that case, Judge Stuart, a circuit court judge, had refused to transfer a case to some other judge for trial. Transfer was sought on the ground that Judge Stuart was disqualified by reason of having a pecuniary interest in the case. Upon such refusal to transfer, a writ of mandamus was sought in this court to compel Judge Stuart to reverse his decision. In denying the writ, this court stated:

"* * * The lower court has passed upon the question before it, and the result, of which complaint is now made, is a judicial determination. If that is erroneous it is a judicial error which cannot be corrected by writ of mandamus. The writ is appropriate to compel subordinate courts to proceed and determine cases pending before them; but in no case does it lie to compel a judicial tribunal to render any particular judgment or to set aside a decision already made. * * *"

We see no reason for departing from the rule stated in *Scott* v. *Stuart*. Petitioner cites *Fong* v. *Sapienza*, 39 Haw. 79 (1951), as stating a contrary holding. The decision in that case was by a divided court, with a strong dissent. Justification for the majority holding in the case appears in the court's headnotes, where it is stated that the issuance of the writ is warranted where there is a showing of "irremedial abuse resulting in a denial of justice." Here, no such abuse has been shown. The remedy of appeal is still available.

Petitioner argues that the remedy by way of appeal is a slow

process. But the general rule is that mandamus may not issue merely because there is an inconvenient delay, where no substantial rights are lost by the delay. *Ex parte Perry*, 102 U.S. 183 (1880); *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648 (1958).

In *Iley v. Hughes*, the trial court had overruled defendant's motion for mistrial in a personal injury litigation and granted plaintiff's motion for interlocutory judgment on the issue of liability and a separate trial on the damage issue, when defendant sought from the Texas Supreme Court a writ of mandamus directing the trial judge to set aside the order for a separate trial of the damage issue and to declare a mistrial of the case. Just as petitioner argues here that the probate judge has no discretion but to appoint him as administrator, defendant in that case argued that the trial judge could enter no judgment other than one of mistrial and the entry of such judgment required only a ministerial act. The supreme court answered the argument by stating:

> "* * * Assuming that relator is correct (a matter we need not here decide) there is yet another reason why the writ of mandamus will not issue. Relator has an adequate remedy by appeal, and writs of mandamus will not issue to forestall or to correct errors of a trial court committed in the course of a trial when the parties have an adequate remedy by appeal. * * *"

The court did not consider that the delay incident to a trial on the damage issue justified issuance of the writ. On this point, it stated:

> "This case presents an unusual fact situation in which the normal alternative to a declaration of mistrial—the entry of judgment—is not to follow immediately but only after trial of the damage issue. That procedure will entail some delay and additional costs in correcting the error by appeal, but that there may be some delay in getting questions decided through the appellate process, or that court costs may thereby be increased, will not justify intervention by appellate courts through the extraordinary writ of mandamus. Interference is

justified only when parties stand to lose their substantial rights."

The writ is denied.

*Arthur K. Trask* for petitioner.

*Kenneth K. Saruwatari,* Assistant Attorney **General, for** respondent.