WEST HAWAII TODAY, INC., Plaintiff-Appellant, *v.* HONORABLE JUDGES, THIRD CIRCUIT COURT OF THE STATE OF HAWAII, Defendants-Appellees

NO. 7861

(CIVIL NO. 5760)

FEBRUARY 25, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

The lower court has reserved to us via Rule 22 of the Rules of the Supreme Court of the State of Hawaii the following question: "Whether the newspaper styled and entitled 'West Hawaii Today' is a newspaper of general circulation in the County of Hawaii and printed and published in said County."

We do not reach ͟ne question presented and we dismiss the complaint because we view it as being in the nature of a petition for a writ of mandamus in a situation where mandamus is inappropriate and unauthorized.

Prior to this case, Circuit Judge Ernest Kubota ruled in Third Circuit M. L. No. 539 that plaintiff's newspaper "West Hawaii Today" is not a "newspaper of general circulation, printed and published in the county" as that language is used in Hawaii Revised Statutes (HRS) § 507-43 (1976) relating to publication of notices of completion for mechanic's and materialman's lien purposes.

Plaintiff moved to intervene in M. L. No. 539, but Judge Kubota denied the motion. Although that denial probably was immediately appealable, *In Re Application of Castle,* 54 Haw. 276, 506 P.2d 1 (1973); 7A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 1923 (1972), plaintiff did not appeal.

Instead, plaintiff sued the two permanent Third Circuit Judges Kubota and Kimura "exclusively in their capacities as . . . state judicial officers and not in any individual capacity," asking "that the Court declare and adjudge that . . . 'West Hawaii Today' is a newspaper of general circulation printed and published within the County of Hawaii as defined and required by Hawaii statutes relating thereto."

At the conclusion of the evidentiary hearing on August 24, 1979, the judge stated:

THE COURT: Okay. The Court is going to deny the motion to dismiss and the Court will render the following decision:

The Court does not feel that it can grant the declaratory relief prayed for because the relief sought would not promote preventive justice nor settle rights in such a way as to prevent litigation or to guid[e] the parties in their future conduct.

The Court does believe, however, that it is a pertinent question of law, and on the face of the matter presented, believes that the question presented is meritorious.

Therefore, what the Court will order is that counsel for the plaintiffs submit to the Court, within ten days, proposed findings of fact and that you submit those proposed findings of fact also to Mr. Nam.

And Mr. Nam will submit controverted findings of fact on his proposed findings of fact to the Court within ten days thereafter.

The Court will thereupon make findings of fact and certify the question presented to the Supreme Court. The precise question of law also will be presented by plaintiff's counsel.

The lower court never entered any findings of fact. On October 17, 1979, the court signed an Order Reserving Question which had been prepared by plaintiff's counsel and which stated as follows:

Based upon the pleadings, records and files herein, the documentary evidence received and the testimony of Paul

Nishimuta, the sole witness for the Plaintiff, which testimony the Court finds to be competent and credible in all material respects, the Court hereby reserves in conformity with Rule 22 of the Rules of the Supreme Court of the State of Hawaii for the consideration of the Hawaii Supreme Court the following question: Whether the newspaper styled and entitled "West Hawaii Today" is a newspaper of general circulation in the County of Hawaii and printed and published in said County.

On February 19, 1980, the court approved a stipulation by which the parties formally consented to the order previously entered on October 17, 1979.

We agree with plaintiff that a case by case determination of whether a newspaper is or is not a newspaper of general circulation is unsatisfactory. Under the present system, no one knows with any degree of certainty whether publication in a particular newspaper satisfies applicable statutory requirements. *See e.g.* HRS §§ 507-43 (1976), 601-13 (1976), 53-1(8) (1976), 578-7(2) (1976), 507-5 (1976).

Although we agree that a procedure by which such a determination could and would be made and periodically reviewed should be established by some appropriate governmental authority, we conclude that the Intermediate Court of Appeals is not such an appropriate governmental authority.

Furthermore, we disapprove of the method which plaintiff used in its attempt to achieve the desired result. By its complaint, plaintiff asked a temporary Third Circuit judge to make a determination of fact and law which would be binding on the two defendant judges. We interpret plaintiff's complaint as a complaint in the nature of a writ of mandamus. As such, it is inappropriate because "mandamus will not issue from one court to another of equal dignity or jurisdiction." 52 AM. JUR.2d, *Mandamus,* § 304 (1970); Rule 81.1, Hawaii Rules of Civil Procedure.

With the consent of the parties, the lower court used Rule 22 of the Rules of the Supreme Court of the State of Hawaii to allow plaintiff to ask the Intermediate Court of Appeals to do what plaintiff had originally asked a temporary Third Circuit judge to do. We deny the request. Mandamus is not appropriate in such a situation. *Chambers v. Leavey,* 60 Haw. 52, 587 P.2d 807 (1978); *McClung v.*

*Fukushima,* 53 Haw. 295, 492 P.2d 128 (1972); *Brown v. Circuit Judge Hawkins,* 50 Haw. 232, 437 P.2d 97 (1968); *Fong v. Sapienza,* 39 Haw. 79 (1951); *J. T. Waterhouse for a Writ of Mandamus,* 2 Haw. 241 (1860); 52 AM. JUR.2d, *Mandamus,* § 310 (1970). "[I]n no case does [mandamus] lie to compel a judicial tribunal to render any particular judgment. . . ." *Scott v. Stuart,* 22 Haw. 576 (1915).

The complaint is dismissed.

*Steven K. Christensen* for plaintiff-appellant.

*Russell S. Kato,* Deputy Attorney General, for defendants-appellees.