**WINNETKA PARTNERS LIMITED PARTNERSHIP, Relator,**

v.

**COUNTY OF HENNEPIN, et. al., Respondents.**

No. C0–94–2275.

Supreme Court of Minnesota.

Nov. 3, 1995.

---

Daniel J. Biersdorf, Minneapolis, for relator.

Marilyn J. Maloney, Hennepin County Attorney's Office, Minneapolis, for respondents.

OPINION

TOMLJANOVICH, Justice.

The facts in this case are undisputed. Appellant, Winnetka Partners Limited Partnership (Winnetka) owns an apartment complex in the City of New Hope known as New Hope Terrace. On July 28, 1986, Winnetka's predecessor, New Hope Terrace Limited Partnership, in exchange for tax increment financing, entered into a minimum assessment agreement with the Housing and Redevelopment Authority of New Hope (HRA). The agreement set the market value of the property at a minimum value of $6,000,000 to be increased 2 percent per annum compounded. The Hennepin County Assessor certified this value on February 18, 1987, as then required by Minn.Stat. § 273.76, subd. 8 (1986), presently Minn.Stat. § 469.177, subd. 8 (1994). On January 2, 1992, the minimum assessment value under the original agreement was $6,494,600.

On May 4, 1993, Winnetka and the HRA entered into an addendum to the original minimum assessment agreement (Addendum), reducing the minimum market value of New Hope Terrace to $5,000,000. Paragraph 2 of the Addendum states that "[t]his agreement shall be effective as of January 1, 1991 for taxes payable calendar year 1992 and thereafter." On June 1, 1993, Donald F. Monk, Hennepin County Assessor, acting as the assessor for the City of New Hope, certified the Addendum. However, paragraph 8 of the certification states that "[n]otwithstanding the language contained in paragraph 2 of the Addendum to Assessment Agreement, this Addendum shall be effective as of the date this Certificate is signed by the County Assessor for the purposes of determining the subject property's fair market value and corresponding real estate taxes." Monk signed the certification on June 1, 1993.

Prior to the assessor's certification, on May 12, 1993, Winnetka filed a petition in Minnesota Tax Court seeking a reduction in the January 2, 1992 assessment value of New Hope Terrace Apartments. On July 30, 1993, Winnetka filed a petition in Hennepin County District Court for an alternative writ

of mandamus to compel Monk to certify the Addendum for years prior to 1993.

On August 6, 1993, the district court issued an order granting the alternative writ of mandamus. The Hennepin County Attorney's office, representing Monk, filed a request to quash the writ. On April 5, 1994, the district court transferred the mandamus action to the Minnesota Tax Court to be combined with the tax petition previously filed by Winnetka. On May 16, 1994, the Minnesota Tax Court issued an order quashing the alternative writ of mandamus and granting full summary judgment to respondents Monk and Hennepin County. Winnetka appeals these orders.

For the years retroactively included in the Addendum, Winnetka already had a minimum assessment agreement in effect. Minnesota Statutes § 469.177, subd. 8 (1992) states:

> The owner of the property may seek, through the exercise of administrative and legal remedies, a reduction in market value for property tax purposes, but no city assessor, county assessor, county auditor, board of review, board of equalization, commissioner of revenue, or court of this state shall *grant a reduction of the market value below the minimum market value contained in the assessment agreement during the term of the agreement filed of record* * * *.

*Id.* (emphasis added). Hennepin County argues that by seeking to apply the addendum to years in which there was already an assessment agreement "filed of record," Winnetka is attempting to accomplish precisely what the statute prohibits. That is, Winnetka is attempting to be assessed $5,000,000 which is below the $6,494,600 minimum market value contained in the assessment agreement then filed of record.

Winnetka, however, points out that the statute makes no reference to *when* the agreement must be filed of record. Winnetka's argument seems to be that if the Adden-

dum were now filed and recorded, it would represent the assessment "agreement filed of record" and there would be no statutory violation.

■ This court has held that "where the meaning of a taxing statute is doubtful, the doubt must be resolved in favor of the taxpayer." *Charles W. Sexton Co. v. Hatfield,* 263 Minn. 187, 195, 116 N.W.2d 574, 580 (1962). However, this court has also stated that

> statutes imposing taxes and providing means for the collection of the same should be construed strictly in so far as they may operate to deprive the citizen of his property by summary proceedings or to impose penalties or forfeitures upon him; but otherwise tax laws ought to be given a reasonable construction, without bias or prejudice against either the taxpayer or the state, in order to carry out the intention of the legislature and further the important public interests * * *.

*Hennepin County v. Brandt,* 225 Minn. 345, 351, 31 N.W.2d 5, 9 (1948). The meaning of the statute here is not doubtful. To allow an Addendum to "trump" an assessment agreement previously in place would circumvent the legislative intent clearly stated in the statute: not to allow assessment at a market value below that listed in the original assessment agreement. We therefore hold that under Minn.Stat. § 469.177, subd. 8 (1992) an Addendum to a minimum assessment agreement cannot be made effective retroactively to a time when that assessment agreement was already in effect.[1]

■ A party cannot provide by contract what is prohibited by statute. *First National Bank of Barron v. Strimling,* 308 Minn. 207, 241 N.W.2d 478, 481 (1976). In paragraph 2 of the Addendum, Winnetka states "[t]his agreement shall be effective as of January 1, 1991 for taxes payable calendar year 1992 and thereafter." As discussed above, if these words were given effect, the Addendum would violate section 469.177,

---

1. A minimum assessment agreement was already in effect during the time period that Winnetka wishes to have the Addendum retroactively apply. Thus, we need not and do not reach the question whether, prior to the 1993 amendment to section 469.177 and in the absence of a minimum assessment agreement already in place, an addendum to a minimum assessment agreement may be made retroactively effective to a time period preceding the existence of the Addendum.

subd. 8. Thus, the retroactivity can be given no legal effect. The tax courts denial of Winnetka's petition is affirmed.

Hennepin County claims that Winnetka has not appealed the quashing of the writ of mandamus to this court. We disagree. Winnetka included the issue in section IV of its brief to this court. Indeed, Winnetka states that arbitrary and capricious conduct "is precisely the conduct which requires the issuance of a writ of mandamus." Further, in the Statement of Case of Appellant, Winnetka states that "[t]his case involves a tax court petition *and a mandamus action.*" (Emphasis added). Winnetka has sought review of the order quashing the alternative writ of mandamus.

 Hennepin County next argues that, pursuant to Minn.Stat. § 586.09, the proper forum for appeal of a tax court order quashing an alternative writ of mandamus is the court of appeals, not the supreme court. Again, we disagree. Minnesota Statute § 586.09 (1994) states that "[a]n appeal from the *district* court shall lie to the court of appeals in mandamus as in other civil cases." *Id.* (emphasis added). Minnesota Statute § 271.10, subd. 1 (1994) states that "[a] review of *any* final order of the tax court may be had upon certiorari by the supreme court upon petition of any party to the proceedings before the tax court." *Id.* (emphasis added). Section 271.10, subd. 1 clearly states that any final order of the tax court may be reviewed by the supreme court. There is no reason why an order quashing an alternative writ of mandamus would not fall under this statute. We hold that a tax court order quashing an alternative writ of mandamus is appealable directly to the supreme court.

Finally, Hennepin County argues that an order dismissing an alternative writ of mandamus is not an appealable order. Hennepin County cites *State ex. rel. Gresham v. Delaney,* 212 Minn. 519, 4 N.W.2d 348 (1942) in support of its argument. *Gresham,* however, involved an order denying appellant's motion for judgment on the pleadings. The current case involves an order granting summary judgment. Thus, *Gresham* is not applicable. We find that the tax court's order quashing

Winnetka's alternate writ of mandamus is properly before this court.

 A writ of mandamus, however, "will be denied where it is obvious that it will prove to be futile, unavailing, and ineffective." *Briggs v. Chicago Great W. Ry.,* 243 Minn. 566, 569, 68 N.W.2d 870, 872 (1955). Because by statute, the Addendum cannot be retroactively enforced to a time when a minimum assessment agreement was already in effect, certification of the Addendum for years prior to 1993 would serve no purpose. A writ of mandamus would prove futile and will not be issued.

We affirm the order of the tax court granting summary judgment to Hennepin County and quashing Winnetka's alternative writ of mandamus.