**STATE of Minnesota, Respondent,**

v.

**Kenneth Lamont DAVIS, Jr., petitioner, Appellant.**

**No. C0–98–1572.**

Supreme Court of Minnesota.

May 13, 1999.

---

1. *See* Minn.Stat. § 289A.08, subd. 1(a) (1998).

James T. Hankes, Chief Public Defender, Barbara Deneen, Assistant Public Defender, St. Paul, for appellant.

Michael A. Hatch, Minnesota Attorney General, Clayton M. Robinson, Jr., St. Paul City Attorney, Jessica S. McConaughey, Assistant City Attorney, Therese A. Skarda, Assistant City Attorney, St. Paul, for respondent.

## OPINION

RUSSELL A. ANDERSON, Justice.

On January 21, 1998, appellant, Kenneth Lamont Davis, Jr., was issued a citation for the misdemeanor offense of driving after revocation of his driver's license in violation of Minn.Stat. § 171.24 (1998). Davis was given a copy of the citation. At arraignment, Davis entered a plea of not guilty. The city attorney permitted Davis and his attorney to inspect, but not copy, the case file which included Davis' driving record and automobile registration.

Davis' attorney asked the city attorney to provide him with copies of Davis' driving record and automobile registration. The city attorney denied the request. When Davis' attorney sought an order to compel the city attorney to provide a copy of his driving record and automobile registration at no cost,[1] the trial court denied the motion on grounds that the documents requested were nondiscoverable work product.

Davis petitioned the court of appeals for a writ of mandamus to compel the trial court to grant his motion. The court of appeals denied the petition on grounds that Davis had not shown that the trial court failed to perform a nondiscretionary act. Davis now asks this court to issue the writ of mandamus. We affirm and because we conclude that a writ of mandamus should not issue, we do not reach the question of whether the trial court erred by denying Davis' discovery motion.

---

1. The parties concede that driving records and vehicle registration information are available for a fee from the Department of Transportation.

A writ of mandamus may not issue to control judicial discretion. *See* Minn.Stat. § 586.01 (1998); *Baker v. Connolly Cartage Corp.,* 239 Minn. 72, 73, 57 N.W.2d 657, 658 (1953). In *State ex rel. Gresham v. Delaney,* we stated:

> *Mandamus* will issue to compel judicial officers in the same manner and to the same extent as other public officers to perform duties with respect to which they plainly have no discretion as to the precise manner of performance and where only one course of action is open. *Mandamus* is not a substitute for, and cannot be used as, an appeal or writ of error. Ordinarily, where a party has an adequate remedy by appeal, a writ of *mandamus* should be denied.[2]

213 Minn. 217, 219, 6 N.W.2d 97, 98 (1942) (italics in original); Minn.Stat. § 586.01 (1998). In ruling on discovery motions, we have stated on numerous occasions that trial courts have wide discretion. *See State v. Wildenberg,* 573 N.W.2d 692, 696 (Minn.1998) (citing *State v. Paradee,* 403 N.W.2d 640, 642 (Minn.1987)).

Discovery in misdemeanor cases is controlled by Minn. R.Crim. P. 7.03, which states:

> In misdemeanor cases, without order of the court the prosecuting attorney on request of the defendant or defense counsel shall, prior to arraignment or at any time before trial, permit the defendant or defense counsel to inspect the police investigatory reports. *Any other discovery shall be by consent of the parties or by motion to the court.*

(Emphasis added.) The comment to Rule 7.03 states:

> In those rare cases where additional discovery is considered necessary by either party [in a misdemeanor case], it shall be by consent of the parties or by motion to the court. In such cases it is expected that the parties and *the court will be guid-*

*ed by the extensive discovery provisions of these Rules.*

(Emphasis added.)

Davis argues that this language in the comment mandates that Minn. R.Crim. P. 9.01, subd. 1(3), which controls discovery in felony and gross misdemeanor cases, be followed. Rule 9.01 states:

> The prosecuting attorney shall disclose and permit defense counsel to inspect and reproduce * * * documents * * * which relate to the case * * *.

Minn. R.Crim. P. 9.01, subd. 1(3). Davis argues that this provision removes any discretion the trial court otherwise would have. We disagree.

In our view, the term "guided" in the comment to Minn. R.Crim. P. 7.03 allows the trial court discretion in deciding such discovery motions. While the term "guided" indicates that the trial court should look to the extensive discovery provisions of the criminal rules, it does not mandate, as Davis argues, a particular result. We conclude that the trial court had discretion when it ruled on Davis' motion and that a writ of mandamus should not issue.

While we have discretion to review decisions of the court of appeals, in this case we decline review. *See* Minn. R.Crim. P. 29.04, subd. 4(1) (stating "[r]eview of any decision of the Court of Appeals is discretionary with the Supreme Court [if] * * * the question is an important one upon which the Supreme Court should rule").

Because we conclude that a writ of mandamus is an improper remedy in this action, we do not reach the issue of whether Davis should receive a copy of his driving record and automobile registration, nor do we reach the issue of whether the trial court abused its discretion when it determined that the re-

---

**2.** In the same opinion, we noted that, "where the duty does not permit the exercise of any discretion with respect to its performance and only one course of action is open and where the aggrieved party does not have an adequate remedy by appeal, as where the duty is to entertain jurisdiction of an action and the court refuses to do so, or where the duty is to issue a proper process or notice and the court refuses to issue the same, as, for example, the statutory notice of hearing on a petition for the probate of a will, the writ will issue." *Gresham,* 213 Minn. 217, 219, 6 N.W.2d 97, 98 (1942) (internal citations omitted).

quested documents were nondiscoverable work product.

Affirmed.