**In re Leon HEFLER, Mentally Ill and Dangerous.**

**No. C4–85–1820.**

Court of Appeals of Minnesota.

Dec. 10, 1985.

## FACTS

Appellant was initially committed as a mentally ill and dangerous person in December 1981. Hefler was granted a provisional discharge approximately one year later. The conditions of his provisional discharge were amended in October 1984 and Hefler remains subject to those conditions.

Hefler now seeks a full discharge from his commitment and moved for appointment of counsel to represent him before the special review board. The trial court denied Hefler's motion, concluding the special review board hearing was an administrative hearing and the patient is not entitled to legal representation.

## ISSUES

1. Is a patient entitled to legal representation at a special review board hearing on a petition for discharge?

2. Who is responsible for the payment of attorney's fees incurred before the special review board and on appeal to this court?

## ANALYSIS

1. Any person committed pursuant to the Minnesota Commitment Act of 1982 "has the right to be represented by counsel at any proceeding under [Chapter 253B]." Minn.Stat. § 253B.03, subd. 9 (1984). Counsel is initially appointed when a petition for commitment is filed. *Id.* Appellant claims the right to counsel extends to hearings before the special review board.

A patient committed as a mentally ill and dangerous person may petition the Commissioner of the Department of Human Services for discharge from his commitment. Minn.Stat. § 253B.18, subd. 5. The Commissioner may discharge the patient after a hearing and favorable recommendation by a majority of the special review board. *Id.* subd. 15. The board, appointed by the Commissioner to consider and make recommendations on petitions for transfer, discharge, and revocation of provisional discharge, is comprised of three persons

William F. Messinger, Minneapolis, Representing appellant Leon Hefler.

D. Gerald Wilhelm, Martin Co. Atty., Robert D. Walker, Asst. Co. Atty., Fairmont, Representing respondent Martin County.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Gary A. Van Cleve, Sp. Asst. Atty. Gen., St. Paul, Representing respondent Com'r of Human Services.

Heard, considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant seeks review of an order denying his motion for appointment of counsel for a hearing before the special review board. We reverse and remand.

"experienced in the field of mental illness," including an attorney and physician. *Id.* subd. 4.

The board must give written notice of the time and place of its hearing to the committing court, the county attorney of the committing county, any interested persons, and "the petitioner and his counsel." *Id.* subd. 5. The Commissioner makes a decision within 14 days after receiving the board's recommendation, without further hearing. *Id.*

Appeal from the Commissioner's decision is to a supreme court appeal panel, with a *de novo* hearing. Minn.Stat. § 253B.19, subd. 2. "The patient, his counsel, and the county attorney of the committing county may be present and present and cross-examine all witnesses." *Id.* The order of the appeal panel may be appealed to this court "as in other civil cases." *Id.* subd. 5.

Respondents argue the patient's right to counsel "at any proceeding under" the Commitment Act does not extend to the special review board hearing. We disagree.

"[A] hearing before the Special Review Board is a necessary precondition to obtaining release" from commitment as a mentally ill and dangerous person. Janus & Wolfson, *The Minnesota Commitment Act of 1982: Summary and Analysis*, 6 Hamline L.Rev. 41, 90 n. 298 (1983). The patient "is entitled to representation and assistance of legal counsel at each of the critical stages of a commitment proceeding under the [Minnesota Commitment Act]." Minn.R. Civ. Commitment 3, comment A.

■ Since patients are entitled to representation "at any proceeding" under the Act, "it appears that persons committed as mentally ill and dangerous are entitled to counsel at special review board hearings, if these are considered proceedings 'under the Act.'" Janus & Wolfson, 6 Hamline L.Rev. at 56. That conclusion is inescapable, since the Act governs appointment of the board, its jurisdiction and procedures, and the compensation of board members. *See* Minn.Stat. § 253B.18, subd. 4.

The statutory discharge provisions do not explicitly require appointment of counsel. However, counsel is appointed at the start of the commitment process and must "continue to represent the person throughout any proceedings under this charge unless released as counsel by the court." Minn.Stat. § 253B.03, subd. 9. Appointed counsel's duty extends beyond the commitment hearing, to appeal and to involuntary treatment proceedings. Minn.R.Civ. Commitment 3, comment A(6) and (9). Representation includes "receiving reports about [the patient], and taking appropriate actions in response thereto to advise the [patient] of and protect his rights." *Id.* (7).

The predecessor of the Commitment Act of 1982 required notice of the special review board hearing be given to the probate court, the patient's spouse or next of kin, the county attorney, "and the petitioner and his attorney, if any." Minn.Stat. § 253A.15, subd. 2(a) (1980). The current statute provides "the petitioner and his counsel shall be given written notice by the commissioner of the time and place of the hearing before the special review board." Minn.Stat. § 253B.18, subd. 5 (1984).

The parties to this appeal agree the patient is entitled to representation before the supreme court appeal panel.

Under the former statute, the patient was explicitly "afforded an opportunity to be represented by counsel" appointed by the appeal panel, with expenses to be paid by the department of public welfare (now the Department of Human Services). Minn.Stat. § 253A.15, subd. 2(d) (1980). The former discharge process afforded patients "a full panoply of due process rights, including the right to counsel and the right to appeal to a three-judge panel of the probate court." *In re K.B.C.*, 308 N.W.2d 495, 499 (Minn.1981).

Patients are still afforded the right of appeal to a three judge panel of probate judges appointed by the supreme court, but the statute no longer explicitly provides a right to counsel before the appeal panel. *See* Minn.Stat. § 253B.19, subd. 2 (1984). The presiding judge of the supreme court

appeal panel has the power to appoint counsel for the patient and the Department of Human Services continues to be responsible for payment of "all allowable fees and costs of the patient's counsel." *Id.* subd. 1. The patient and "his counsel" may question witnesses appearing before the appeal panel. *Id.* subd. 2.

Despite the absence of explicit language conferring a right to counsel before the appeal panel, it is clear that right continues to exist. Similarly, the requirement of notice to the patient "and his counsel" of special review board hearings corroborates the patient's implicit right to such counsel. *See* Minn.Stat. § 253B.18, subd. 5.

■ All proceedings under the Commitment Act are adversarial. Minn.R.Civ. Commitment 4, comment A. Counsel is even supplied in provisional pass proceedings. Due process may not require the appointment of counsel at non-adversary hearings, where the ultimate issues remain for determination at a later adversary proceeding at which full due process protections are afforded. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Hefler argues due process requires provision of counsel before the special review board, where no further adversary proceedings will be conducted before the Commissioner's decision on his petition for discharge. We need not reach the constitutional issue, since we conclude Hefler has a statutory right to counsel. Any other interpretation would handicap an appointed lawyer by eliminating the chance that he could serve a client through all potential stages of a commitment case.

2. "In each proceeding" under the Commitment Act, "the court shall allow and order paid" witness fees, fees for the services of each examiner, expenses of transporting the patient, "and to the patient's counsel, when appointed by the court, a reasonable sum for travel and for the time spent in court or in preparing for the hearing." Minn.Stat. § 253B.23, subd. 1(a). If the committing court is not in the county of the patient's residence, a statement of expenses must be sent to the county of the patient's residence for payment. *Id.* (b). However, counsel fees incurred for proceedings before the supreme court appeal panel "shall be paid by the department of human services." Minn.Stat. § 253B.19, subd. 1.

Respondent county argues it should not bear the cost of counsel's appearance before the special review board. The Commissioner is responsible for the compensation and expenses of board members, but the statute is silent on the question of responsibility for attorney's fees incurred before the panel. *See* Minn.Stat. § 253B.18, subd. 4. While we may agree the county should not bear counsel expenses when the State assumes the remaining costs of the appeal panel, we hesitate to shift the burden of counsel fees to the State at a stage earlier than specified by the legislature. We also note the actual practice in counties which appoint counsel (Hennepin County, for example), is that costs of counsel before the review board are paid by that county.

■ There is also a right of appeal to this court "from any order entered under [the Commitment Act.]" Minn.Stat. § 253B.23, subd. 7. Hefler is clearly entitled to the assistance of counsel in "perfecting and prosecuting an appeal." Minn. R.Civ. Commitment 3, comment A(6). Appeals to this court are proceedings under the Commitment Act. *See* Minn.Stat. § 253B.03, subd. 9. The county of Hefler's residence is responsible for counsel's fees incurred on appeal and should also be responsible for counsel costs before the review board. The legislature has indicated counsel fees shall be allowed and ordered paid by the committing court except in proceedings before the supreme court appeal panel where they are paid by the state. Minn.Stat. § 253B.23, subd. 1(a).

## DECISION

Hefler, committed as a mentally ill and dangerous person, is entitled to legal assistance at the special review board hearing on his petition for full discharge, since

that hearing is a proceeding under the Commitment Act. The county of Hefler's residence remains responsible for the fees of counsel incurred before the special review board and on appeal to this court.

Reversed and remanded for appointment of counsel and determination of fees.