**ITASCA COUNTY SOCIAL SERVICES and Lisa Allord, Respondents,**

**v.**

**Boris MILATOVICH, Appellant.**

**No. C8–88–1432.**

Court of Appeals of Minnesota.

Aug. 16, 1988.

Hugh A. Cameron, Itasca Co. Atty., Michael J. Haig, Asst. Itasca Co. Atty., Grand Rapids, for respondents.

Michael S. Husby, Duluth, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SCHUMACHER, JJ., without oral argument.

**SPECIAL TERM OPINION**

WOZNIAK, Chief Judge.

**FACTS**

Respondents brought a paternity action against appellant seeking an adjudication

of paternity, child support, child support arrearages, lying-in expenses, custody of the minor child, a determination of appellant's visitation rights, and costs and disbursements. By judgment entered April 7, 1988 the trial court adjudged appellant is the father of the minor child, but failed to adjudicate or address the other claims in the action. Appellant filed this appeal seeking review of the April 7 judgment. This court questioned jurisdiction and directed the parties to file memoranda on the appealability of the judgment.

## DECISION

■ A partial judgment which does not adjudicate all the claims in an action is not immediately appealable unless the trial court has made an express determination that there is no just reason for delay and directs entry of a final partial judgment. Minn.R.Civ.P. 104.01; Minn.R.Civ.P. 54.02. Absent the express determination specified in Minn.R.Civ.App.P. 104.01 and Minn.R.Civ.P. 54.02, a partial judgment is not appealable until after entry of a final judgment adjudicating all claims in the action. *See* Minn.R.Civ.App.P. 104.01, Comment (1983).

■ In this matter there are outstanding claims concerning child support, child support arrearages, custody, visitation, and lying-in expenses and the trial court has not made an express determination that there is no just reason for delay and directed entry of a final partial judgment. The April 7 judgment of paternity is not appealable until after entry of a final judgment adjudicating the remaining claims. *See Olmscheid v. Minneapolis Northfield and Southern Railway*, 425 N.W.2d 312 (Minn. Ct.App.1988).

Appeal dismissed without prejudice.