v.

The Honorable Terry M. DEMPSEY, Judge of District Court, Respondent.

No. C2–93–419.

Court of Appeals of Minnesota.

Aug. 24, 1993.

Review Granted Oct. 28, 1993.

Charles H. Thomas and Nancy A. Peterson, Law Offices of Southern Regional Legal Services, Inc., Mankato, for petitioner.

Daniel A. Birkholz, Watonwan County Atty. and Todd L. Kosovich, Asst. County Atty., St. James, for respondent.

Considered and decided by HUSPENI, P.J., and KLAPHAKE and FLEMING, JJ.

## OPINION

WILLIAM J. FLEMING, Judge.

Petitioner M.T.L., mother of D.R.L., seeks a writ of mandamus to compel the trial court to appoint counsel to represent her in the custody and visitation phase of the parentage action pertaining to D.R.L. We conclude petitioner has a statutory right to counsel and mandamus will lie.

## FACTS

In February 1992, the Watonwan County Attorney (county) filed a summons and complaint on behalf of petitioner and the Watonwan County Human Services Board seeking a judgment determining W.C.O. to be the father of D.R.L. The complaint also requests that petitioner be granted custody of D.R.L. Petitioner receives public assistance and has a net monthly income of $584.80.

On September 28, 1992, the trial court appointed counsel to represent W.C.O. On October 21, 1992, the trial court heard the county's motion for summary judgment to establish paternity and child support. By order and resulting judgment on November 13, 1992, the trial court granted the county's motion pertaining to paternity and support, but specifically reserved the issues of custody and visitation.

On November 24, 1992, W.C.O., still represented by court-appointed counsel, moved for sole legal and physical custody of D.R.L. The county refused to represent petitioner in the custody proceeding, advising her in a December 4, 1992 letter that its responsibilities ended after determination of paternity and support. Petitioner then filed a motion in the trial court for appointment of counsel under Minn.Stat. § 257.69, subd. 1 (1992). The trial court denied the motion, and this petition for writ of mandamus followed.

## ISSUE

Does Minn.Stat. § 257.69, subd. 1 mandate appointment of counsel for an indigent party for determination of custody and visitation in a parentage action?

## ANALYSIS

■ To obtain a writ of mandamus, petitioner must establish the trial court had a clear and present official duty to perform a certain act. *See* Minn.Stat. § 586.01 (1992); *McIntosh v. Davis*, 441 N.W.2d 115, 118 (Minn.1989).

Here, petitioner's claim that the trial court had a clear and present official duty to appoint counsel for her is based exclusively on the Minnesota Parentage Act (the Act), codified as Minn.Stat. §§ 257.51–257.74 (1992). The Act provides that "[t]he court shall appoint counsel for a party who is unable to pay timely for counsel in proceedings under sections 257.51 to 257.74." Minn.Stat. § 257.69, subd. 1.

There is no dispute in this case that petitioner is indigent and unable to pay timely for counsel. Petitioner's entitle-

ment to appointed counsel under section 257.69, subd. 1 depends, therefore, on whether the determination of custody and visitation is a "proceeding" under sections 257.51–.74. If it is, then the legislature's use of the word "shall" in describing the court's duty means that the court was required to appoint counsel for petitioner. *See* Minn.Stat. § 645.44, subd. 16 (1992) ("shall" is mandatory).

The Act requires that the judgment determining parentage contain provisions concerning the custody of the child and visitation privileges, specifying that these matters "shall proceed and be determined under section 257.541." Minn.Stat. § 257.-66, subd. 3. Citing section 257.66, subd. 3, the supreme court has held that a "formal award of custody is an integral part of paternity proceedings instituted to obtain support for the minor child." *Morey v. Peppin,* 375 N.W.2d 19, 20 (Minn.1985).

Amicus, the Minnesota County Attorneys Association (MCAA), argues that contested custody matters in parentage actions are proceedings under Minn.Stat. ch. 518 because section 257.541 governs neither the procedure nor the party's substantive rights in determining custody after paternity is established. We disagree.

■ Minn.Stat. § 518.17 (1992) declares the substantive law applicable to a custody determination, but Minn.Stat. § 257.541, subd. 2 sets out the manner in which the father may assert a claim for custody. *Morey,* 375 N.W.2d at 23. If there has been a declaration of parentage pursuant to Minn.Stat. § 257.34 (1992), and paternity has been adjudicated, then custody and visitation are to be determined under sections 518.17 and 518.175 (1992) in the parentage proceeding. Minn.Stat. § 257.541, subd. 2(a); *Morey,* 375 N.W.2d at 23. If, as here, there has been no declaration of parentage but paternity has been adjudicated, the father "may petition for rights of visitation or custody *in the paternity proceeding* or in a separate proceeding under section 518.-156." Minn.Stat. § 257.541, subd. 2(b) (emphasis added).

In this case, the November 13, 1992 judgment adjudicating paternity and support did not conclude the proceeding because child custody and visitation were reserved. *See Itasca County Social Servs. v. Milatovich,* 427 N.W.2d 727, 728 (Minn.App.1988) (issues of custody and visitation are claims in a parentage action). After paternity was adjudicated, W.C.O. promptly moved for custody in the parentage action as authorized by section 257.541, subd. 2(b). Under these circumstances, the determination of custody and visitation is a "proceeding" under the Act, and the trial court was required to appoint counsel for petitioner under Minn.Stat. § 257.69, subd. 1.

■ The MCAA contends it is unlikely the legislature intended to burden the counties with the cost of providing counsel to indigent parties for custody disputes in parentage actions. We find, however, that section 257.69, subd. 1 unambiguously requires court-appointed counsel in this situation, and we may not disregard the letter of the law under the pretext of pursuing the spirit. *See* Minn.Stat. § 645.16 (1992) (legislative intent of construction of laws controls).

The legislature could have expressly limited the right of an indigent party to appointed counsel in a parentage action to the determination of paternity and child support. *Compare* Minn.Stat. § 257.69, subd. 1 *with* Ill.Ann.Stat. ch. 750, 45/18 (Smith–Hurd 1993) (representation of court-appointed counsel shall be limited to the establishment of a parent and child relationship and an order for support, and shall not extend to visitation, custody, or other matters). The policy considerations advanced by the MCAA in support of a limited right to counsel are matters for legislative, not judicial, determination. This court can only interpret the statute as it was written.

**DECISION**

The trial court had a clear and present official duty under Minn.Stat. § 257.69, subd. 1 to appoint counsel for petitioner in the custody and visitation phase of the parentage proceeding.

**Writ of mandamus issued.**