Margaret T. LATOURELL, Respondent,

v.

The Honorable Terry M. DEMPSEY,
Judge of District Court, Petitioner,
Appellant.

No. C2–93–419.

Supreme Court of Minnesota.

June 30, 1994.

Daniel A. Birkholz, Watonwan County
Atty., Todd L. Kosovich, Asst. Watonwan
County Atty., St. James, for appellant.

Charles H. Thomas, Law Offices of South-
ern Minnesota Regional Legal Services, Inc.,
Mankato, for respondent.

William R. Kennedy, Hennepin County
Public Defender, Warren R. Sagstuen, Asst.
Hennepin County Public Defender, Minne-
apolis, amicus curiae for Hennepin County
Public Defender.

Robert M.A. Johnson, Anoka County Atty.,
Paul C. Clabo, Asst. Anoka County Atty.,
Anoka, amicus curiae for Minnesota County
Attys. Assoc.

Lorraine Clugg, Edina, amicus curiae for
Minnesota State Bar Ass'n.

Nancy J. Hellerud, Mazeppa, amicus curi-
ae for MN Legal Services Coalition.

## OPINION

TOMLJANOVICH, Justice.

We are asked to decide if the court of appeals properly issued a writ of mandamus compelling the trial court to appoint counsel for respondent in the custody and visitation phase of a parentage action. 504 N.W.2d 529. We affirm.

Dylan Ray Latourell, the son of respondent Margaret T. Latourell ("Latourell") and Wayne C. Oswald, was born November 23, 1991. On February 13, 1992, an Assistant Watonwan County Attorney filed a complaint and summons on behalf of Latourell and the Watonwan County Human Services Board, against Oswald. The complaint sought a judgment determining Oswald to be the father of Dylan Ray, sought the award of reasonable child support, and requested that custody of Dylan Ray be awarded to Latourell. On August 4, 1992, the county moved for partial summary judgment on paternity, custody, and other issues. In August 1992 Oswald applied for and was appointed counsel based on indigency.

At the summary judgment hearing on October 12, 1992, Oswald admitted he was the father of Dylan Ray and did not oppose summary judgment on paternity. On November 13, 1992, judgment was entered establishing paternity and setting child support. Custody and visitation were reserved for further consideration.

On November 24, 1992, Oswald, still represented by his court-appointed attorney, moved for sole legal and physical custody of Dylan Ray. Watonwan County refused to represent Latourell in the custody dispute, advising her in a December 4, 1992, letter that its responsibilities ended after determination of paternity and support. Latourell moved for appointment of counsel pursuant to Minn.Stat. § 257.69, subd. 1 (1992), and submitted an affidavit of indigency.[1] The district court denied Latourell's motion on February 16, 1993.

On February 26, 1993, Latourell petitioned the court of appeals for a writ of mandamus requiring the district court to appoint counsel for her. On August 24, 1993, the court of appeals issued a writ of mandamus, holding that the district court had a clear and present official duty under Minn.Stat. § 257.69, subd. 1 to appoint counsel for petitioner. We granted the district court's petition for review.

■ Writs of mandamus are issued "to compel the performance of an act which the law specifically enjoins as a duty." Minn. Stat. § 586.01 (1992). Mandamus will issue to compel a judicial officer "to perform duties with respect to which they plainly have no discretion as to the precise manner of performance and where only one course of action is open." *State ex rel. Gresham v. Delaney*, 213 Minn. 217, 219, 6 N.W.2d 97, 98 (1942).

■ The Parentage Act, Minn.Stat. §§ 257.51–257.74 (1992), was passed in 1980 to govern the establishment of a parent-child relationship between a child and his or her natural father. Minn.Stat. § 257.69, subd. 1, provides that "[t]he court *shall* appoint counsel for a party who is unable to pay timely for counsel in proceedings under sections 257.51 to 257.74 [The Parentage Act]" (emphasis added). Accordingly, Latourell's entitlement to appointed counsel under section 257.69, subdivision 1, depends on whether custody and visitation determinations are "proceedings" under The Parentage Act. *See* Minn.Stat. § 645.44, subd. 16 (1992) (the word "shall" is mandatory when used in statute).

Two provisions within The Parentage Act—Minn.Stat. § 257.66, subd. 3 and Minn. Stat. § 257.541—indicate that custody and visitation determinations are "proceedings" under the Act. Minn.Stat. § 257.66, subd. 3 provides that a judgment or order of the court in a Parentage Act proceeding "*shall* contain provisions concerning * * * the custody of the child * * * [and] visitation privileges with the child" (emphasis added).[2]

---

1. Minn.Stat. § 257.69, subd. 1 provides in relevant part that "[t]he court shall appoint counsel for a party who is unable to pay timely for counsel in proceedings under [the Parentage Act]."

2. By mandating that a paternity judgment contain provisions concerning custody and visita-

Minn.Stat. § 257.66, subd. 3 further provides that "custody and visitation * * * shall proceed and be determined under section 257.-541." Section 257.541 in turn sets forth the manner in which a father may assert a claim for custody.

Under Minn.Stat. § 257.541, subd. 2(b), where paternity has not been acknowledged under section 257.34 and paternity has been established under sections 257.51 to 257.74, the biological father may petition for rights of custody in the paternity proceeding or in a separate proceeding under section 518.156. Here, after the trial court reserved ruling on custody, the biological father Oswald petitioned for custody in the paternity proceeding and not in a separate proceeding. The trial court's November 13, 1992 order adjudicating paternity and support did not conclude the paternity proceeding because the issues of custody and visitation were reserved.[3]

■ Amicus Curiae, the Minnesota County Attorneys Association (MCAA), argues that because substantive standards for determining custody and visitation are in Minn.Stat. ch. 518 (governing marriage dissolution proceedings) and not within The Parentage Act, the determination of custody and visitation following the adjudication of paternity should be regarded as chapter 518 proceedings which are merely appended to the paternity proceeding. We disagree. A formal award of custody and determination of visitation privileges are an integral part of paternity proceedings instituted under The Parentage Act to obtain support for the minor child.

Because a judgment or order in a paternity proceeding must establish custody and visitation rights, and because determination of custody and visitation falls under Minn. Stat. § 257.541, Latourell is entitled to counsel under Minn.Stat. § 257.69, subd. 1. The court of appeals properly issued a writ of mandamus to compel the trial court to appoint counsel for Latourell.[4]

MCAA raises a number of policy arguments as to why counties should not be burdened with the duty of providing counsel to indigent parents during the custody and visitation phase of Parentage Act proceedings. The language of the statute, however, clearly provides that Latourell is entitled to counsel. We will not infer a legislative intent contrary to that expressed by the unambiguous language of a statute.

■ Finally, it has been brought to our attention that county attorneys representing indigent custodial parents in paternity proceedings often try to avoid having to fully litigate the issues of custody and visitation by seeking an award of temporary rather than permanent custody for their clients. We reiterate that a formal award of custody is an integral part of paternity proceedings instituted under the Parentage Act. Thus, county attorneys representing indigent custodial parents in a parentage proceeding have a responsibility to pursue an award of permanent custody for their clients, not simply an award of temporary custody.

Affirmed.

---

tion, Minn.Stat. § 257.66, subd. 3, differs from the corresponding section of the Uniform Parentage Act, Unif. Parentage Act § 15(c), 9B U.L.A. 324 (1987), upon which Minnesota's statute is based.

**3.** This case is distinguishable from *Morey v. Peppin*, 375 N.W.2d 19, 24 (Minn.1985), where this court held that there had been an implicit ruling on custody in an earlier proceeding because a period of two and one-half years had elapsed between judgment on paternity and the father's motion for custody.

**4.** Because Latourell has a right to appointed counsel under The Parentage Act, we need not address Latourell's argument that her right to equal protection was violated by the trial court's failure to appoint counsel for her while Oswald was still represented by appointed counsel.