**In re D.F., Guardian on behalf of K.D.F., Petitioner.**

**Ramsey County, Respondent,**

**T.M.Y., Respondent,**

v.

**Guardian D.F. on behalf of K.D.F., Petitioner.**

No. A12–2018.

Court of Appeals of Minnesota.

Feb. 25, 2013.

Evon M. Spangler, Spangler and de Stefano, PLLP, St. Paul, MN, for petitioner.

John J. Choi, Ramsey County Attorney, Patrick Hest, Assistant County Attorney, Kathleen Lamey, Assistant County Attorney, St. Paul, MN, for respondent Ramsey County.

T.M.Y., pro se.

Considered and decided by JOHNSON, Chief Judge; PETERSON, Judge; and CLEARY, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

Petitioner D.F. is the mother of, and court-appointed guardian for, K.F., who is the father of a child born to T.M.Y. In the district court, the parties disputed issues of parentage, custody, and child support, among others, and they continue to dispute the issue of parenting time. Shortly after the case was commenced, a child support magistrate (CSM) appointed an attorney to represent petitioner (and, thus, the interests of K.F.) until "the conclusion of the hearing determining the father-child relationship." The order further provided, "Counsel will be discharged at the conclusion of the hearing determining the father-child relationship, even if the issues of custody, parenting time and/or the child's name, are unresolved."

At the hearing concerning parentage, K.F. admitted that he is the father of the child at issue. Petitioner's court-appointed attorney asked the CSM, on D.F.'s behalf, to extend her appointment beyond the hearing. The CSM denied the request from the bench. In a subsequent order, the CSM adjudicated K.F. as the child's father, awarded T.M.Y. sole legal and physical custody of the child, determined child support, and scheduled another hearing to address the issue of parenting time. The order also reiterated the denial of petitioner's request to extend the representation of the court-appointed attorney until the resolution of the parenting-time issue.

Petitioner seeks a writ of mandamus from this court to compel the CSM to extend the appointment of the court-ap-pointed attorney to proceedings concerning parenting time. Neither the county nor T.M.Y. filed a substantive response to the petition.

## DECISION

The issuance of a writ of mandamus is governed by statute. *See* Minn. Stat. §§ 586.01–586.12 (2012); *State v. Wilson,* 632 N.W.2d 225, 227 (Minn.2001). The court of appeals has exclusive original jurisdiction if "the writ is to be directed to a district court or a judge thereof in the judge's official capacity." Minn.Stat. § 586.11. Upon the filing of a petition,

> The writ of mandamus may be issued ... to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. It may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, but it cannot control judicial discretion.

Minn.Stat. § 586.01. Accordingly, a writ of mandamus should issue only to compel an officer " 'to perform duties with respect to which [he or she] plainly [has] no discretion as to the precise manner of performance and where only one course of action is open.' " *State v. Davis,* 592 N.W.2d 457, 459 (Minn.1999) (quoting *State ex rel. Gresham v. Delaney,* 213 Minn. 217, 219, 6 N.W.2d 97, 98 (1942)). If the act or duty at issue is discretionary, "the party seeking the writ must establish that failure to perform it 'was so arbitrary and capricious as to constitute a clear abuse of discretion.' " *McIntosh v. Davis,* 441 N.W.2d 115, 118 (Minn.1989) (quoting *Baker v. Connolly Cartage Corp.,* 239 Minn. 72, 74, 57 N.W.2d 657, 658 (1953)). In addition, a writ of mandamus "shall not issue in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law." Minn.Stat. § 586.02. A writ of man-

damus is considered "an extraordinary legal remedy." *State v. Pero,* 590 N.W.2d 319, 323 (Minn.1999).

Petitioner argues that she is entitled to the representation of her court-appointed attorney for the parenting-time phase of this case. She relies on *Latourell v. Dempsey,* 518 N.W.2d 564 (Minn.1994), which interpreted a prior version of the relevant statute, Minnesota Statutes section 257.69, subdivision 1. In *Latourell,* the supreme court held that an attorney appointed in a parentage proceeding should continue to represent a putative father until a judgment or order determines the accompanying issues of custody and visitation rights. 518 N.W.2d at 566 (applying Minn.Stat. § 257.69, subd. 1 (1992)).

The statute on which *Latourell* was based has since been amended. In 2012, the legislature amended section 257.69, subdivision 1, in the following manner:

> In all proceedings under sections 257.51 to 257.74, any party may be represented by counsel. The county attorney shall represent the public authority. ~~The court shall appoint counsel for a party who is unable to pay timely for counsel i~~In proceedings under sections 257.51 to 257.74, the court shall appoint counsel for a party who would be financially unable to obtain counsel under the guidelines set forth in section 611.17. The representation of appointed counsel is limited in scope to the issue of establishment of parentage.

*Compare* Minn.Stat. § 257.69, subd. 1 (2012), *with* Minn.Stat. § 257.69, subd. 1 (2010) (alterations added); *see also* 2012 Minn. Laws ch. 212, § 2, at 368. The new language that is most pertinent to the pending petition is in the last clause, which provides that court-appointed counsel's representation "is limited in scope to the issue of establishment of parentage." Minn.Stat. § 257.69, subd. 1 (2012). Be-

cause the legislature did not specify an effective date for this amendment, it became effective on August 1, 2012. *See* Minn.Stat. § 645.02 (2012); ·*see also Braylock v. Jesson,* 819 N.W.2d 585, 587 (Minn. 2012) (applying section 645.02 in different context). This case was filed in the district court in September 2012, and the CSM appointed counsel for petitioner in October 2012.

In light of the legislature's recent amendment of the relevant statute, *Latourell* no longer governs. Rather, the court-appointed attorney's representation of petitioner is governed by the amended statute, which makes clear that counsel's representation is "limited in scope to the issue of establishment of parentage." Minn.Stat. § 257.69, subd. 1 (2012). Accordingly, the district court did not have a duty, for which it "plainly ha[d] no discretion," to extend the appointment of petitioner's counsel. *See Davis,* 592 N.W.2d at 459 (quotations omitted). Therefore, petitioner is not entitled to a writ of mandamus.

**Writ denied.**