### In the Matter of the CIVIL COMMITMENT OF Kevin Lee MOEN.

No. A13–0602.

Court of Appeals of Minnesota.

Aug. 5, 2013.

Review Denied Oct. 15, 2013.

Kevin Lee Moen, Moose Lake, MN, pro se appellant.

Lori Swanson, Attorney General, John D. Gross, Assistant Attorney General, St. Paul, MN; and James E. O'Neill, Pipestone County Attorney, Pipestone, MN, for respondent Pipestone County Family Service Agency.

Considered and decided by JOHNSON, Chief Judge; HALBROOKS, Judge; and RODENBERG, Judge.

## OPINION

JOHNSON, Chief Judge.

In 2008, Kevin Lee Moen was civilly committed by the Pipestone County District Court as a sexually dangerous person (SDP). In 2013, Moen brought a motion for relief from the district court's commitment order pursuant to rule 60.02(e) of the Minnesota Rules of Civil Procedure. The district court denied the motion. The district court also denied Moen's motion for appointment of counsel in connection with his rule 60.02(e) motion. We affirm.

## FACTS

Moen is a 32–year–old man who is committed to the custody of the commissioner of human services. He was civilly committed after he was convicted of three counts of criminal sexual conduct. In June 2004, Moen pleaded guilty in the Pipestone County District Court to three offenses, based on three incidents in 2002 and 2003 involving three different children. The district court imposed concurrent sentences of 18 months, 27 months, and 33 months of imprisonment, but stayed the prison sentences. The district court placed Moen on probation and ordered him to serve six months in jail and fifteen

years on supervised probation. In December 2006, the district court executed the prison sentences after finding that Moen had violated the terms of probation.

In May 2008, Pipestone County commenced this action by filing a petition for civil commitment, alleging that Moen is an SDP and a sexual psychopathic personality (SPP). The petition recited the factual background of Moen's three criminal offenses and also alleged that, between 1992 and 2003, Moen had sexually assaulted 16 other children. In October 2008, Moen entered into a stipulation in which he acknowledged that the district court likely would grant the petition, and he agreed to the filing of a commitment order pursuant to the SDP statute. In December 2008, the district court issued a commitment order in which it concluded that Moen is an SDP and committed him to the Minnesota Sex Offender Program (MSOP).

In January 2013, Moen brought a motion for relief from the commitment order pursuant to rule 60.02(e) of the Minnesota Rules of Civil Procedure. At the same time, Moen moved for the appointment of counsel to assist him with the rule 60.02(e) motion. In his rule 60.02(e) motion, Moen made allegations about the effectiveness of the MSOP treatment program, which appear to be based, at least in part, on a report of the Legislative Auditor. *See generally,* Minn. Office of Leg. Auditor, *Civil Commitment of Sex Offenders* (Mar. 2011), *available at* http://www.auditor.leg. state.mn.us/ped/pedrep/ccso.pdf. Moen alleged that the MSOP "no longer offers adequate treatment," that he has not been offered adequate treatment to meet his needs, and that he "does not receive clear and useful treatment plans or treatment reviews, so he does not know how to advance through treatment." He also alleged that the MSOP treatment program violates both Minnesota and federal law.

The county submitted a response to the motion, and Moen submitted a reply. In March 2013, the district court issued an order denying the rule 60.02(e) motion. The district court also denied the motion for appointment of counsel. Moen appeals.

## ISSUES

I. Did the district court err by denying Moen's motion for relief from the commitment order pursuant to Minn. R. Civ. P. 60.02(e)?

II. Did the district court err by denying Moen's motion for appointment of counsel for purposes of the rule 60.02(e) motion?

## ANALYSIS

### I.

■ Moen argues that the district court erred by denying his motion for relief from the commitment order. The applicable rule provides, in part, as follows:

> On motion and upon such terms as are just, the court may relieve a party … from a final judgment …, order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons:
>
> . . . .
>
> (e) The judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. . . .

Minn. R. Civ. P. 60.02(e). A rule 60.02(e) motion must be brought "within a reasonable time," Minn. R. Civ. P. 60.02, which depends on "all of the facts and circumstances involved," *Simons v. Schiek's Inc.,* 275 Minn. 132, 138, 145 N.W.2d 548, 552 (1966). This court applies an abuse-of-

discretion standard of review to a district court's denial of a rule 60.02 motion. *In re Children of Coats,* 633 N.W.2d 505, 510 (Minn.2001).

The district court denied Moen's motion for two reasons. First, the district court determined that Moen's motion is barred by provisions of the Commitment Act that provide the exclusive remedies for an SDP who seeks transfer or discharge from his civil commitment. Second, the district court determined that the substance of the motion is without merit. We will analyze both of the district court's reasons for denying the motion.

### A.

■ Moen argues that the district court erred by determining that his motion is barred by the Commitment Act.

The district court relied on the supreme court's recent opinion in *In re Civil Commitment of Lonergan,* 811 N.W.2d 635 (Minn.2012). In *Lonergan,* two civilly committed persons, one an SDP and one an SPP, brought motions for relief from their respective commitment orders pursuant to rule 60.02, and the motions were denied. *Id.* at 637–39. In one of the appeals, this court held that section 253B.17, subdivision 1, of the Minnesota Statutes "prohibits [an SDP] from petitioning the committing court for discharge from his indeterminate commitment" and "preclude[s] a rule 60.02 motion to vacate [an] indeterminate-commitment order." *In re Civil Commitment of Lonergan,* 792 N.W.2d 473, 476 (Minn.App.2011), *rev'd in part,* 811 N.W.2d 635 (Minn.2012). In the other appeal, this court held that rule 60.02 "is not the mechanism for relief from an indeterminate civil commitment order." *In re Civil Commitment of Kunshier,* No. A10–1270, 2011 WL 500070, at *2 (Minn. App. Feb. 15, 2011), *rev'd in part,* 811 N.W.2d 635 (Minn.2012).

■ The supreme court began its review of this court's opinions by asking whether rule 60.02 is in conflict with or inconsistent with the Commitment Act, which would make the rule inapplicable. *Lonergan,* 811 N.W.2d at 639, 641. The supreme court identified two situations in which such a conflict or inconsistency exists. First, rule 60.02 is inapplicable if there is a "distinct conflict" between the rule and the statute. *Id.* at 641 (quotation omitted). Second, even if no distinct conflict exists, rule 60.02 is inapplicable if "the 'purpose of the [statute] would be so frustrated by an application of the [rule] that the rule and the statute must be deemed inconsistent.'" *Id.* at 641 (quoting *Guillaume & Assoc. v. Don–John Co.,* 336 N.W.2d 262, 263 (Minn.1983)).

■ The supreme court noted that the Commitment Act prescribes procedures by which a person committed as an SDP or an SPP may petition a special review board for discharge or transfer and may appeal an unfavorable decision by the special review board to a judicial appeal panel. *Id.* at 640 (citing Minn.Stat. §§ 253B.185, subds. 9, 18; .9, subd. 2(b) (2012)); *see also* Minn.Stat. §§ 253B.14, .15, .16 (2012). Specifically, "the Commitment Act is the exclusive remedy for patients committed as SDPs and SPPs seeking a transfer or discharge." *Id.* at 642 (quotation omitted). The supreme court reasoned that rule 60.02(e) "distinctly conflicts" with the Commitment Act to the extent that an SDP or an SPP seeks a discharge from commitment or a transfer out of a secure facility. *Id.* Thus, to the extent that an SDP or an SPP seeks transfer or discharge, he may not do so pursuant to rule 60.02 but, rather, "must exclusively follow the Commitment Act's specific procedures for petitioning for a transfer or discharge." *Id.*

■■■■ The supreme court noted that the remedies available under the Commitment Act are not so broad as to bar all conceivable motions brought pursuant to rule 60.02. The supreme court observed that "the Commitment Act does not provide any procedures for [an SDP or an SPP] to raise nontransfer, nondischarge claims such as ineffective assistance of counsel and lack of subject matter jurisdiction." *Id.* For this "narrow class of claims," rule 60.02(e) and the Commitment Act do not distinctly conflict. *Id.* at 643. But it is necessary to determine whether the application of rule 60.02 to such a claim would frustrate the two-fold purpose of the Commitment Act; "(1) protection of the public, and (2) rehabilitation of the patient." *Id.* at 642. The supreme court concluded that a rule 60.02 motion would not frustrate the purpose of the Commitment Act if the rule 60.02 motion did not put public safety at risk or interfere with a patient's rehabilitation. *Id.* at 643.

■■■■ Thus, the supreme court's opinion in *Lonergan* establishes a two-pronged procedural bar to rule 60.02 motions. An SDP or an SPP may not bring a rule 60.02 motion if the motion "(1) distinctly conflict[s] with the Commitment Act, or (2) frustrate[s] a patient's rehabilitation or the protection of the public." *Id.* The first prong of the bar prohibits any rule 60.02 motion that seeks transfer or discharge. *Id.* at 642. The second prong requires a comparison of the rule 60.02 motion with the purposes of the Commitment Act to determine whether the motion is barred. *See id.* at 642–43.

In this case, the district court applied *Lonergan* by noting that Moen "adamantly denies that he is seeking release or discharge from his commitment" and that he "argues repeatedly that he is seeking only an evidentiary hearing on the matter of whether changed circumstances have rendered his commitment impermissible." The district court, however, was not convinced. The district court stated that, "[d]espite [Moen's] assertions to the contrary," he was not asserting a nontransfer, nondischarge claim. The district court noted Moen's contention that his commitment is "no longer permissible," that he is "illegally confined," and that the MSOP program is "not meeting his needs." Based on these allegations, the district court concluded that Moen's rule 60.02 motion "is clearly seeking release, discharge from commitment, or a transfer" and, thus, "is barred by Minn.Stat. § 253B.185, subds. 1(e), 9."

On appeal, Moen does not directly challenge the district court's application of *Lonergan*. Rather, Moen emphasizes that he is asserting "adequacy-of-treatment claims," which he contends "do not allege that his commitment was improper." He contends that he seeks to establish that his commitment, "although properly ordered in 2008, may no longer be permissible based on 'changed circumstances.'" He further contends that his claims are among the "other small claims" that are not barred by *Lonergan*, similar to claims of ineffective assistance of counsel and lack of subject-matter jurisdiction. In the conclusion of his brief, however, he asks this court to "vacate the commitment" or to grant "any other relief [the court] deems just and proper."

To determine whether Moen's rule 60.02(e) motion is barred by the supreme court's opinion in *Lonergan*, we initially must characterize the motion as either a motion seeking transfer or discharge or, on the other hand, a motion asserting a "nontransfer, nondischarge claim." *Id.* at 642. If the motion is of the first type, it plainly would result in a "distinct conflict" between rule 60.02(e) and the Commitment Act and, thus, would be barred by the first

prong of the *Lonergan* bar. *Id.* If the motion is of the second type, the motion would be barred by the second prong of the *Lonergan* bar if the motion would frustrate the purposes of the Commitment Act, namely, to protect the public and to rehabilitate SDP and SPP patients. *Id.* at 642–43.

For several reasons, Moen's motion does not assert a "nontransfer, nondischarge claim," which might evade the *Lonergan* bar. First, Moen does not assert one of the nontransfer, nondischarge claims that are specifically identified in *Lonergan.* He has not asserted a claim of ineffective assistance of counsel in connection with the commitment trial or a claim that the district court that issued the commitment order lacked jurisdiction. *See id.* Rather, he has alleged that the MSOP is not providing him adequate treatment.

Second, Moen does not assert one of the nontransfer, nondischarge claims that are referenced more generally in *Lonergan.* The supreme court mentioned nontransfer, nondischarge claims that are based on "procedural or jurisdictional defect[s] *during the commitment process.*" *Id.* (emphasis added). The factual bases of Moen's rule 60.02(e) motion, however, concern events occurring *after* the issuance of the commitment order.

Third, Moen does not assert a nontransfer, nondischarge claim because he has not alleged one of the "limited claims that do not specifically request transfer or discharge." *Id.* at 643. We interpret this phrase to refer to claims that seek a specific form of relief other than transfer or discharge. Rule 60.02 provides that a district court "may order a new trial or grant such other relief as may be just." Minn. R. Civ. P. 60.02.[1] In light of the relief potentially available under rule 60.02, and in light of the exclusivity of the discharge-and-transfer remedies available under the Commitment Act, a person seeking relief from a commitment order under rule 60.02(e) may not avoid denial of the motion by refraining from requesting any relief at all. Moen was obligated to specify the particular relief he seeks in his rule 60.02(e) motion, but he requested only that the district court hold an evidentiary hearing. An evidentiary hearing, however, is not a form of relief in and of itself; an evidentiary hearing is merely a procedural means by which a district court may determine whether a party is entitled to relief. Because Moen did not specify the ultimate relief he seeks in a way that would allow the district court to determine whether his sought-after relief would result in his transfer or discharge, Moen cannot take advantage of the narrow exception to the *Lonergan* bar. Thus, it is unnecessary for us to consider the fact that Moen's appellate brief reveals that his true purpose is to vacate the commitment order, a form of relief that obviously would result in his discharge.

The county notes that, despite the *Lonergan* procedural bar, Moen and other similarly situated persons are not completely foreclosed from asserting a right to some form of relief based on their allegations of inadequate treatment in the MSOP. Specifically, the county suggests that Moen could seek relief in a petition for a writ of habeas corpus. The county's suggestion is confirmed by the Commitment Act, which provides, "Nothing in this

---

1. A motion brought pursuant to rule 60.02 commonly is referred to as a "motion to vacate." *See, e.g., Kern v. Janson,* 800 N.W.2d 126, 129, 133 (Minn.2011); *Roehrdanz v. Brill,* 682 N.W.2d 626, 631–32 (Minn.2004); *Madson v. Minnesota Mining & Mfg. Co.,* 612 N.W.2d 168, 169, 172 (Minn.2000). The word "vacate," however, does not appear in the language or caption of the rule.

chapter shall be construed to abridge the right of any person to the writ of habeas corpus." Minn.Stat. § 253B.23, subd. 5 (2012). The county also notes that Moen could seek relief in a civil action by alleging a claim under section 1983 of title 42 of the United States Code. The supreme court has recognized that the viability of such a claim may depend on the adequacy of treatment provided by the MSOP: "So long as civil commitment is programmed to provide treatment and periodic review, due process is provided." *See In re Blodgett,* 510 N.W.2d 910, 916 (Minn.1994). The county further notes that Moen presently is pursuing relief under section 1983 because he is a member of a class whose class action is pending in federal district court. *See Karsjens v. Jesson,* No. 11–CV–3659, 283 F.R.D. 514 (D.Minn. July 24, 2012) (order certifying class). This court also has noted that a claim by an SDP or an SPP asserting a right to treatment potentially may be raised in a habeas corpus petition or in a civil action under section 1983. *See In re Civil Commitment of Travis,* 767 N.W.2d 52, 58 (Minn.App. 2009).

In sum, the district court did not err by concluding that Moen's rule 60.02(e) motion is barred by the exclusive transfer-or-discharge remedies of the Commitment Act and the supreme court's opinion in *Lonergan.*

**B.**

 Moen also argues that the district court erred by determining that his motion fails on the merits.

As an alternative ground for denying Moen's motion, the district court considered Moen's allegations of changed circumstances and rejected them as insufficient reasons for granting relief from the commitment order. The district court's analysis focused on whether Moen presented

"an individualized claim that he is being denied treatment," as opposed to a more generalized claim that the MSOP as a whole is ineffectual. We question whether Moen's claims are best characterized as general. He made general allegations concerning the MSOP, but he also alleged that he has not received clear and useful treatment plans and that the treatment protocol has not allowed him to advance toward rehabilitation and eventual transfer or discharge. The thrust of his motion is that the alleged deficiencies in the MSOP have had an adverse effect on him. But the distinction between individualized claims and generalized claims is not determinative. To obtain relief under the third clause of rule 60.02(e), a movant must establish that "it is no longer equitable that the judgment should have prospective application." Minn. R. Civ. P. 60.02(e). Whether a movant seeks to satisfy that burden with general evidence or specific evidence is simply a matter of proof.

Nonetheless, Moen's rule 60.02(e) motion fails for other reasons. Rule 60.02(e) consists of three clauses, which provide three legal bases for relief: "[1] The judgment has been satisfied, released, or discharged[,] [2] a prior judgment upon which it is based has been reversed or otherwise vacated, or [3] it is no longer equitable that the judgment should have prospective application." *Id.* In this case, the first and second clauses of rule 60.02(e) plainly do not apply. Moen's motion may proceed, if at all, only on the third clause of the rule.

 The third clause of rule 60.02(e) reflects "the historic power of the court of equity to modify its decree in light of changed circumstances." *City of Barnum v. Sabri,* 657 N.W.2d 201, 205 (Minn. App.2003). The changed circumstances that may give rise to relief under rule 60.02(e) must pertain to either the applicable law or the relevant facts. This court

has identified three "traditional reasons" for granting relief under rule 60.02(e): "(1) changes in operative facts, (2) changes in the relevant decisional law, and (3) changes in any applicable statutory law." *Jacobson v. County of Goodhue*, 539 N.W.2d 623, 626 n. 3 (Minn.App.1995) (quoting 11A Charles A. Wright et al., *Federal Practice & Procedure* § 2961, at 402–03 (2d ed.1995) (footnotes omitted)), *review denied* (Minn. Jan. 12, 1996). In this case, the second and third reasons for granting relief plainly do not apply. Moen has not identified any changes in the relevant caselaw or any changes in the statute that would benefit him. Thus, Moen may succeed on his rule 60.02(e) motion only if he can establish the first type of changed circumstance: a change in the operative facts. He bears the burden of establishing such a change. *Sabri*, 657 N.W.2d at 205.

Moen contends that he is entitled to relief under rule 60.02(e) because the alleged inadequate treatment in the MSOP constitutes changed circumstances. But the alleged change in circumstances is not a change to the operative facts. *See Jacobson*, 539 N.W.2d at 626 n. 3. "To prevail under Minn. R. Civ. P. 60.02(e), a moving party must show that a present challenge to an underlying order would have merit." *Sabri*, 657 N.W.2d at 206. In other words, Moen must establish that the inadequacy of treatment in the MSOP presently is a reason for a district court to deny a commitment petition. But there is no apparent reason to believe that inadequate treatment in the MSOP would be a legally valid reason for a district court to deny a petition or would even be relevant to the issues to be determined by a district court. In an SDP commitment trial, the petitioner must prove that a person "(1) has engaged in a course of harmful sexual conduct ...; (2) has manifested a sexual, personality, or other mental disorder or

dysfunction; and (3) as a result, is likely to engage in acts of harmful sexual conduct." Minn.Stat. § 253B.02, subd. 18c (2012). The petitioner can establish the third element only by proving that the person is " 'highly likely [to] engage in harmful sexual acts in the future.' " *In re Commitment of Stone*, 711 N.W.2d 831, 840 (Minn.App. 2006) (quoting *In re Linehan*, 594 N.W.2d 867, 876 (Minn.1999)), *review denied* (Minn. June 20, 2006). The elements of proof at a commitment trial do not implicate the efficacy of treatment in the MSOP. Indeed, this court has stated that "the availability or adequacy of treatment afforded to committed individuals is outside the scope of the commitment process." *In re Commitment of Navratil*, 799 N.W.2d 643, 651 (Minn.App.2011), *review denied* (Minn. Aug. 24, 2011); *see also Travis*, 767 N.W.2d at 58–59 (noting that "right-to-treatment argument" is premature at time of commitment trial). In other words, a person responding to an SDP commitment petition could not succeed at trial on the ground that treatment in the MSOP is inadequate. Thus, Moen cannot establish a change in the operative facts that existed at the time of his commitment and, accordingly, cannot establish changed circumstances of the type necessary for relief under rule 60.02(e). Therefore, Moen's rule 60.02(e) motion would not state a viable claim for relief, even if it were not barred by the exclusive transfer-or-discharge remedies of the Commitment Act and the supreme court's opinion in *Lonergan*.

## II.

Moen also argues that the district court erred by denying his motion for appointment of counsel. He argues that he has a statutory right to counsel in connection with his rule 60.02(e) motion.

The statute on which Moen relies provides as follows:

> *A patient has the right to be represented by counsel at any proceeding under this chapter.* The court shall appoint a qualified attorney to represent the proposed patient if neither the proposed patient nor others provide counsel. The attorney shall be appointed at the time a petition for commitment is filed. In all proceedings under this chapter, the attorney shall:
>
> (1) consult with the person prior to any hearing;
>
> (2) be given adequate time and access to records to prepare for all hearings;
>
> (3) continue to represent the person throughout any proceedings under this chapter unless released as counsel by the court; and
>
> (4) be a vigorous advocate on behalf of the person.

Minn.Stat. § 253B.07, subd. 2c (2012) (emphasis added).[2]

The district court concluded that Moen does not have a statutory right to counsel for purposes of a rule 60.02(e) motion because the motion is not a "proceeding under this chapter," *i.e.,* chapter 253B. The district court reasoned that Moen's rule 60.02(e) motion is "quite clearly and explicitly" a proceeding under rule 60.02. On appeal, Moen contends that his motion is a proceeding under the Commitment Act. In response, the county contends that a rule 60.02 motion is not a proceeding under the Commitment Act.

■■■ *Moen's argument implicates the interpretation of a statute.* "Our primary goal in statutory interpretation is to give effect to the intent of the Legislature." *Swanson v. Brewster,* 784 N.W.2d 264, 284 (Minn.2010). "In construing the language of a statute, we give words and phrases their plain and ordinary meaning." *Emerson v. School Bd. of Indep. Sch. Dist. 199,* 809 N.W.2d 679, 682 (Minn.2012). To identify the plain meaning of a particular word used in a statute, it is appropriate to refer to the common usage of the word. *See Gassler v. State,* 787 N.W.2d 575, 586 n. 11 (Minn.2010); *Swanson,* 784 N.W.2d at 274–75; *In re Phillips' Trust,* 252 Minn. 301, 306, 90 N.W.2d 522, 527 (1958). We apply a *de novo* standard of review to a district court's interpretation of a statute. *Becker v. Mayo Found.,* 737 N.W.2d 200, 207 (Minn.2007).

■■■ The key phrase in the statute is "any proceeding under this chapter." The legislature has not defined the word "proceeding" within chapter 253B. In common usage, the word "proceeding" typically means "[a]n act or step that is part of a larger action." *Black's Law Dictionary* 1324 (9th ed.2009). If the statute is understood to use the word "proceeding" in this way, Moen would be entitled to the appointment of counsel for any particular act or step in his commitment action that is specified in the Commitment Act. This interpretation of section 253B.07, subdivision 2c, makes sense in light of the structure of chapter 253B and the numerous proceedings that are mentioned in and governed by the chapter. *See generally* Minn.Stat. §§ 253B.065–.23 (2012). This interpretation also is consistent with our caselaw holding that a person committed under the Commitment Act has a statutory right to

---

**2.** The Minnesota legislature recently amended and renumbered numerous provisions in chapter 253B and enacted chapter 253D, the Minnesota Commitment and Treatment Act: Sexually Dangerous Persons and Sexual Psychopathic Personalities. *See* 2013 Minn. Laws ch. 49. Chapter 253D now includes a statutory right to counsel that is substantively the same as the statutory right to counsel at issue in this case. *See id.* § 15 (to be codified at Minn.Stat. § 253D.20).

counsel in connection with a hearing before the special review board. In *In re Hefler*, 378 N.W.2d 808 (Minn.App.1985), we considered the same statutory right to counsel and concluded that a hearing before the special review board is a "proceeding" under chapter 253B. *Id.* at 809–12. We so held because a hearing before the special review board was specifically mentioned in the Commitment Act. *Id.* at 811–12. Our interpretation of section 253B.07, subdivision 2c, in this case also is consistent with *Latourell v. Dempsey*, 518 N.W.2d 564 (Minn.1994), *superseded by statute*, Minn. Stat. § 257.69, subd. 1 (2012), *as recognized in In re D.F.*, 828 N.W.2d 138, 141 (Minn.App.2013). In *Latourell*, the supreme court held that a statutory right to counsel "in proceedings under" the Parentage Act applied to hearings necessary for custody and visitation determinations because the Parentage Act required a district court to make custody and visitation determinations in the course of a case commenced under the act. *Id.* at 565–66 (quotation omitted).

A rule 60.02 motion is not mentioned in chapter 253B as an action or step that an SDP or an SPP may take or must take to obtain relief with respect to his commitment. Thus, we conclude that a rule 60.02 motion is not a "proceeding" under the Commitment Act, as that term is used in section 253B.07, subdivision 2c. Accordingly, Moen does not have a statutory right to counsel concerning his rule 60.02(e) motion. Therefore, the district court did not err by denying Moen's motion for appointment of counsel.

## DECISION

Moen's rule 60.02(e) motion is barred by the exclusive transfer-or-discharge remedies of the Commitment Act and the supreme court's opinion in *Lonergan*. In addition, Moen's rule 60.02(e) motion does not state a viable claim for relief. Thus, the district court did not err by denying Moen's rule 60.02(e) motion.

Moen does not have a statutory right to counsel for purposes of pursuing a rule 60.02(e) motion. Thus, the district court did not err by denying Moen's motion for appointment of counsel.

**Affirmed.**